# Moody v. The State.

*Indictment against Retailer of Spirituous Liquors.*

1. *Former acquittal, and not guilty; practice in pleading.*—When issue is joined on the pleas of former acquittal and not guilty, the former issue should be first tried and decided, and it is irregular to submit both issues to the jury at the same time; but, in a case of misdemeanor, if the two pleas are interposed together, and the defendant goes to trial on both at the same time, without objection, this is a waiver of the irregularity; yet, if the jury find a verdict of guilty, and fail to pass on the special plea, the judgment of conviction will be reversed.

FROM the Circuit Court of Jackson.

Tried before the Hon. LOUIS WYETH.

The indictment in this case charged the defendant with retailing spirituous liquors without a license. At the trial, as the judgment-entry recites, " comes also the defendant, in his own proper person, who, upon hearing the indictment read, pleads, in short by consent, former acquittal, and not guilty; upon which pleas issue is joined by the State, and both pleas are submitted to the jury at the same time." Thereupon came a jury, &c., who returned a verdict of guilty, but did not pass on the other plea ; and the court thereupon rendered judgment against the defendant for fifty dollars, besides costs.

No counsel appeared for the defendant in this court, so far as the docket and the transcript show; and there is no brief on file.

JOHN W. A. SANFORD, Attorney-General, for the State.

MANNING, J.—In *Dominick v. The State* (40 Ala. 680), upon an indictment for obtaining goods by false pretenses, " on the trial the defendant pleaded, in short by consent, former acquittal, and not guilty ; upon which pleas issue was joined by the State, and both pleas [issues] were submitted to the jury at the same time." This is precisely what was done in the cause now before us. The court said : " The defendant who pleads the two pleas together, thus tendering the two issues together, and goes to trial upon them together, without objection, must be presumed, in such a case as this, to waive the irregularity. What our ruling would be, in a case of felony, we do not decide." This is a case of misdemeanor only.

But, the court held that there must be a reversal in that case, "because the jury did not pass upon the plea of former acquittal and only rendered a verdict on the plea of not guilty." In this particular, also, the present case is parallel with the one cited. The jury rendered a verdict of guilty, but made no response to the issue upon the other plea.

The judgment of the Circuit Court must, therefore, be reversed, and the cause remanded.