# Thompson *v.* The State.

### *Indictment for Rape.*

1. *Rape; when change of venue should be granted.*—Where, on a motion for a change of venue, it is shown that the defendant was indicted for rape, and that the circumstances of his alleged crime were such as to produce the greatest public indignation, that the trial was to be had at a special term of the court, which was convened as soon as possible after the alleged commission of the offense, in obedience to a public demand for a speedy punishment, and that the public was so aroused against the defendant that it required the promptest and most vigorous action on the part of the executive officers of the State, as well as the military, to prevent mob violence and his summary execution, and that this state of feeling continued down to, and existed at, the time of the trial, a change of venue should have been granted as asked for in the motion.

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. JAMES J. BANKS.

The appellant in this case, a negro, was indicted for the rape of Nellie Lawton, a white girl about twelve and a half years of age. He was arrested on the 8th day of June, 1897, and a special term of court was called for his trial, and convened on July 26th, 1897. The defendant made application for a change of venue on July 27th, 1897, which was overruled, and this action of the court constitutes the ruling of the trial court principally considered on the present appeal. The facts pertaining to this ruling are sufficiently stated in the opinion. It is unnecessary to set out in detail the facts pertaining to the other rulings of the court to which exceptions were reserved.

O. KYLE and S. T. WERT, for appellant, cited *Hawes v. State*, 88 Ala. 37 ; *Posey v. State*, 73 Ala. 490 ; *Seams v. State*, 84 Ala. 410.

WILLIAM C. FITTS, Attorney-General, for the State, cited *Edwards v. State*, 49 Ala. 334 ; *Seams v. State*, 84 Ala. 411 ; *Hawes v. State*, 88 Ala. 50 ; *Daughdrill v. State*, 113 Ala. 7.

McCLELLAN, J.—Upon a careful consideration of the evidence adduced on the motion for a change of venue in this case, the court is satisfied that it should have been granted. The crime charged was of a character to produce the greatest public indignation. The trial was had within a short time after the alleged commission of the offense came to the knowledge of the public—as soon as a special term of the court, called in obedience to a public demand for speedy punishment, could be convened and held. And the affidavits and other evidence show that the public were so greatly aroused against the defendant that it required the promptest and most vigorous action of the executive officers of the State, from the Governor down, and including the military, to protect the defendant from mob violence and summary execution ; and further, that this state of feeling continued down to and through the trial, and must have had such effect upon the jury as that their verdict was little else than the registration of the common belief of the people that the defendant was guilty, and a mode of carrying out the public purpose to take his life. The trial was not and could not, under the circumstances then existing, have been fair and impartial. The court erred in denying the change of venue moved for by defendant, and for that error its judgment must be reversed.

Of the other exceptions reserved many are palpably without merit, and the others will probably not arise on another trial.

Reversed and remanded.