# Davis *v.* The State.

*Indictment for Carrying Concealed Weapons.*

1.  *Trial and its incidents; practice when issue joined on plea of misnomer and not guilty.*—While it is irregular to submit to the jury at the same time the issues involved in a plea of misnomer and a plea of not guilty, still, if it affirmatively appears from the record that the two issues were submitted together without objection, the defendant is entitled to have the jury pass upon the plea of misnomer; and a verdict of guilty without passing upon the plea of misnomer, not being responsive to both the issues submitted to the jury, will not support a judgment of conviction; and a judgment of conviction rendered upon such verdict, will be reversed.

APPEAL from the Circuit Court of Clarke.

Tried before the Hon. JOHN C. ANDERSON.

The appellant in this case, Clarence Davis, was indicted, tried and convicted for carrying a pistol concealed about his person. The facts of the case necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

DAVIS & GUNN, for appellant, cited *Toulmin v. State,* 2 Ala. 359; *Traun v. Wittick,* 27 Ala. 571; *Grice v. Ferguson,* 1 Stew. 36; *Dominick v. State,* 40 Ala. 690.

CHAS. G. BROWN, Attorney-General, for the State.

DOWDELL, J.—This cause was submitted to the jury upon the plea of misnomer and the plea of not guilty at one and the same time, and both issues were tried together. The jury returned a verdict of guilty and assessed a fine of fifty dollars, saying nothing in their verdict as to the issue under the plea of misnomer. The verdict was not responsive to both issues. The defendant had a right to have the jury pass upon his plea of misnomer, and this was not done by the verdict rendered. This case can not in principle be distinguished from the cases of *Moody v. State,* 60 Ala. 78, and *Dominick v. State,* 40 Ala. 680. On the authority of these two cases the judgment must be reversed. The general rule is, that the filing of a plea in bar is a waiver of a former plea in abatement. But it affirmatively appears here from the record that the two issues were submitted together by consent, and that there was no waiver of the plea in abatement. The practice of submitting two distinct issues in a criminal case together, as was done in this case, is irregular, and not to be approved.

Reversed and remanded.