# Sandwich *v.* The State.

## *Indictment for Gaming.*

1. *Indictment for gaming; one who testifies as to gaming before grand jury protected from prosecution and can not be convicted.*—Under the provisions of the statute, one who was summoned as a witness before a grand jury and was required to answer generally as to any violation of the laws against gaming, without first being specially interrogated as to any particular offense, is protected from prosecution for any offense of gaming so testified to by him, (Code, § 4805); and the fact that another witness, had previous to the defendant, been summoned before the grand jury and had testified to the same game as had the defendant, implicating the defendant in it, does not deprive the defendant of the immunity from prosecution afforded by the statute.

2. *Gaming; how question of protection from prosecution by reason of having testified before grand jury raised; pleading.*—The protection guaranteed by the statute to a witness who testifies before the grand jury as to the violation of the laws as to gaming, against the prosecution for the offense of gaming so testified to by him, (Code, § 4805), is a question for the determination of the court; and a motion to quash the indictment against said witness is a proper method of raising the question of his immunity from prosecution.

[Sandwich v. The State.]

Appeal from the City Court of Montgomery.

Tried before the Hon. William H. Thomas.

The appellant in this case, William Sandwich, was indicted, tried and convicted for gaming. The facts of the case necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

Hill & Hill, for appellants, cited Code, § 4805; *Taylor v. State*, 121 Ala. 24.

Massey Wilson, Attorney-General, for the State, cited *Gibson v. State*, 91 Ala. 64; *Drake v. State*, 110 Ala. 9; *Williams v. State*, 103 Ala. 33.

DOWDELL, J.—The defendant was tried and convicted on an indictment for gaming, and from that judgment of conviction he prosecutes this appeal. The defendant claimed immunity from prosecution for the offense charged under the provisions of section 4805 of the Criminal Code. He sought to avail himself of the provisions of this statute first by motion to quash the indictment and then by plea, the motion having been overruled. The protection guaranteed in section 4805 to the witness testifying as to gaming, against being prosecuted for any offense of gaming so testified to by him, when being called to answer generally as to any such offense, within his knowledge, committed within the twelve months next preceding, without first being specially interrogated as to any particular offense, is a question for the determination of the court, and the motion to quash the indictment was the proper practice.—*Sparrenberger v. State*, 53 Ala. 481. On the hearing of the motion, it was shown without contradiction, that the defendant was summoned before the grand jury that preferred the indictment, to give evidence of any violation of the laws against gaming, and was required to answer generally as to any such offense, within his knowledge, committed within the twelve months next preceding, without having been first specially interrogated as to any particular offense; that he testified to a game played with cards, in which witness himself had participated; that the indictment against him

[Sandwich v. The State.]

was for the particular game testified to by him as a witness before the grand jury, and was found against him after he had given his testimony before the grand jury. This evidence clearly put the defendant within the protection of the provision of the statute against a prosecution, and on it, undisputed as it was, the motion to quash the indictment should have been sustained. The fact that another witness had been called before the grand jury, before the defendant, and, that such other witness had testified to the same game, implicating the defendant in it, would not deprive the defendant of the immunity afforded by the statute upon the theory that the indictment against him was found on the testimony of such other witness. It is wholly immaterial and unimportant, that there was other evidence adduced before the grand jury, which was sufficient, without regard to that given by the defendant, to authorize the finding of the indictment. The fact remained, that the defendant was indicted, after he had been required as a witness to answer generally as to any violation of the laws against gaming within his knowledge, and had so answered, thereby entitling himself to protection from prosecution as to any such offense so testified to by him.

It is unnecessary to consider the questions which arose on the trial before the jury upon the admission and rejection of evidence, since the motion to quash the indictment should have been sustained, and for the refusal of which by the court, the judgment must be reversed and a judgment will be rendered quashing the indictment and discharging the defendant.

Reversed and rendered.