# Brooms *v.* The State.

### Violating Prohibition Law.

(Decided August 1, 1916.  Rehearing denied September 7, 1916.
72 South. 691.)

Criminal Law; Election.—While under § 7151, Code 1907, different modes of violating the prohibition law may be charged in a single count of an indictment in the alternative, yet where a single count of the indictment charged various violations of the prohibition laws in the alternative, a defendant may require an election upon the conclusion of the state's evidence.

APPEAL from Coffee Circuit Court.

Heard before Hon. J. S. WILLIAMS.

(On application of the state this cause was reviewed by the Supreme Court, and was affirmed. See *Ex parte State in re. Brooms,* 197 Ala. 419, 73 South. 35.)

Hugh Brooms was convicted of violating the prohibition law and he appeals. Reversed and remanded.

BALDWIN & MURPHREE, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

PELHAM, P. J.—The defendant was tried under an indictment containing but a single count, charging in the usual form that the defendant was guilty of a violation of the prohibition laws in having "sold, offered for sale, kept for sale, or otherwise disposed of spirituous, vinous, or malt liquors." But one conviction could have been had under the single count in the indictment charging different violations of prohibition laws in the alternative (*Moss v. State,* 3 Ala. App. 189, 58 South. 62), and the trial court was in error in refusing and overruling the defendant's motion, made at the conclusion of the introduction of the evidence, to require the state to elect under which alternative charge in the indictment it would proceed and ask for a conviction. If the indictment had charged the several offenses in separate counts, there would be no room for the contention that the state should be required to elect; and while the different offenses of this kindred nature may properly be joined, charging offenses of the same character in the alternative in a single count (Code 1907, § 7151), the doctrine of election may nevertheless be invoked in behalf of the defendant by timely motion to require the state to put the defendant on notice as to which one of the several alternative charges it seeks a conviction under. The indictment covers any manner of disposition by which prohibited liquors may pass from one person to another unlawfully (*Arrington v. State,* 13 Ala. App. 359, 69 South. 385, *Ex parte Arrington,* 195 Ala. 694, 70 South. 1012) ; and the defendant had the right, upon motion duly made after the introduction of the state's evidence, to be apprised with certainty of the particular crime he was called upon to meet and defend. The same question was gone into and fully discussed in the majority opinion of this court in the recent case of *Barefield.*—See *Barefield v. State,* 14 Ala. App. 638, 72 South. 293, and authorities there cited.

Other rulings of the court seem to be free from error. For the error in refusing the defendant's motion to require the State to elect for which offense it would prosecute, the case must be reversed.

Reversed and remanded.