# Hayes *v.* The State.

### Violating Prohibition Law.

(Decided August 1, 1916. 72 South. 577.)

1. **Pleading; Abatement; Waiver.**—Ordinarily a plea in abatement is waived by the filing of a plea in bar.

2. **Criminal Law; Verdict; Responsiveness.**—Where defendant pleaded a misnomer and not guilty, and issue was joined on both pleas, and by consent they were submitted and tried together upon an instruction to consider the merits of the case if the jury found against the plea of misnomer, a verdict of guilty was not responsive to the issue of misnomer pleaded in abatement.

3. **Criminal Law; Abatement; Trial on the Merits.**—The sustaining of a plea in abatement alleging a misnomer is not a bar to a trial upon the merits upon a proper indictment or affidavit charging defendant by his correct name.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Clifford Hayes was convicted of violating the prohibition law and he appeals. Reversed and remanded.

WERT & LYNNE, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

[Hayes v. The State.]

EVANS, J.—(1) Appellant was charged with a violation of the prohibition statute. He pleaded both in abatement and bar—pleading misnomer and not guilty. While ordinarily a plea in abatement is waived by a plea in bar, the record here shows affirmatively that issue was joined on both pleas, and by consent both were submitted to the jury and tried at the same time. The irregularity of this practice is not to be commended, as it invites error, either in confusing the issues or in the failure of the verdict to properly respond thereto.

(2) In the instant case the jury returned a verdict of guilty and assessed a fine of $200; it was silent on the issue of misnomer. This verdict was not responsive to the issue joined on the plea in abatement. In its oral charge the court instructed the jury: "In other words, if the defendant's name is not Clifford, or if he hasn't been called or known by that name, then it would be your duty to acquit the defendant. Both this plea and the case on its merits are being tried by you at the same time. If you should find beyond a reasonable doubt that the defendant's name is Clifford, or he has been known by that name, then you should go further and consider the merits of the case; i. e., whether the defendant kept liquors in violation of the law," etc.

The jury was instructed, it will be noted, that they were to consider the merits of the case in the event they found against the plea of misnomer, and by mere inference and deduction we infer that the jury did consider the plea of misnomer and found against it, by reason of their verdict; though this rests entirely in inference, and, for aught that appears to the contrary, we do not know but that the jury entirely ignored the charge of the court. The verdict, to be responsive, we hold, should affirmatively show this, and not rest in inference, as the appellant has a right to have his plea passed upon by the jury.

(3) Inasmuch as the cause must be remanded for another trial, we call the attention of the learned trial court to the fact that its charge was too favorable to defendant, in that it directed an acquittal upon the sustaining of the plea in abatement. In the event this plea is sustained, it would be no bar to the trial of appellant upon the merits upon a proper indictment or affidavit charging him by his correct name.

On the authority of the following cases the cause must be reversed and remanded for another trial: *Davis v. State*, 136 Ala. 129, 33 South. 818; *Moody v. State*, 60 Ala. 78; *Dominick v.*

[Strother v. The State.]

*State,* 40 Ala. 680, 91 Am. Dec. 496; *Tucker v. State,* 152 Ala. 1; 44 South. 587.

Reversed and remanded.