(75 South. 646)

HERRING v. STATE. (6 Div. 329.)

(Court of Appeals of Alabama. May 15, 1917.)

1. CRIMINAL LAW ⬅678(1)—PLEADING AND PROOF—VARIANCE.

Wherever it is manifest, either by the indictment or by the evidence, that an attempt is being made to convict the defendant of two or more offenses growing out of separate and distinct transactions, the court will grant a timely motion to require the state to elect, and if the state refused to elect, the indictment will be quashed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1580.]

2. CRIMINAL LAW ⬅678(1) — INDICTMENT — DUPLICITY.

Where one count of an indictment contains allegations of more than one offense, and the joinder is intended in order to meet the different aspects in which the evidence may present a single transaction, the court will not interfere to require an election.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1580.]

3. CRIMINAL LAW ⬅678(1)—INDICTMENT AND INFORMATION ⬅130 — DUPLICITY — ELECTION.

Under Code 1907, § 7151, permitting an alternative averment of different offenses, an indictment containing alternative allegations is not demurrable, but when the evidence is all in, and two or more offenses have been proved, the state will be required to elect, or, failing to do so, the indictment will be quashed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1580; Indictment and Information, Cent. Dig. §§ 419–423.]

4. CRIMINAL LAW ⬅678(1) — INDICTMENT — DUPLICITY—ELECTION.

Where under indictment charging illegal sale and offering for sale of intoxicating liquors both the sale and possession were proved as arising from a single transaction, it was not error to refuse to compel the state to elect.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1580.]

5. INDICTMENT AND INFORMATION ⬅130—INTOXICATING LIQUORS — DUPLICITY — ELECTION.

The rules permitting double and alternative allegations in indictments do not apply to indictments for violation of the prohibition laws where the offenses are charged in separate counts.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 419–423.]

Appeal from City Court of Bessemer; J. C. B. Gwin, Judge.

Tom Herring was convicted of violating the prohibition law, and he appeals. Affirmed.

The defendant was tried on an affidavit charging a violation of the prohibition law, and from a judgment of conviction he appeals. The affidavit charges that the defendant "manufactured, sold, offered for sale, or otherwise disposed of, prohibited liquors," etc. The testimony for the state by one Clark, its only witness, was that on November 29, 1915, he was a special policeman for the city of Bessemer; that he met Sharp Jones on the street; and Sharp said, "Let's go down to Tom Herring's and get a drink." They went to his restaurant; defendant was behind the counter. They went up to the counter and ordered two drinks of whisky. Defendant took a bottle out of his pocket, poured out two glasses of whisky, and received 30 cents for it. They then drank the whisky. The venue was proven. The defendant and two witnesses denied this statement. At the conclusion of the state's evidence, the defendant moved the court to require the state to elect as to which offense

alleged it would prosecute. The court overruled the motion, and after all the evidence was in, rendered a verdict and judgment of guilty, to which exception was reserved.

Thomas T. Huey, of Bessemer, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

SAMFORD, J. The court had the witnesses before it, was able to observe their demeanor on the stand, and, holding to the long line of decisions in this state on this point, this court will not disturb the findings on the facts in this case.

[1-3] Wherever it is manifest, either by the indictment or by the evidence, that an attempt is being made to convict the defendant of two or more offenses growing out of separate and distinct transactions, the court will grant a timely motion to require the state to elect, and if the state refused to elect, the indictment will be quashed. Wooster v. State, 55 Ala. 217. But where the joinder is intended, and its effect is to meet the different aspects in which the evidence may present a single transaction, the court ought not to and will not interfere. Mayo v. State, 30 Ala. 32. Section 7151 of the Code was designed to dispense with a multiplicity of counts, permitting one by alternative averment of different offenses to serve the purpose of several. Thomas v. State, 111 Ala. 55, 20 South. 617. When this is done, the indictment is not subject to demurrer; but when the evidence is all in for the state, and it discloses the fact that two or more offenses have been proven, the state will be required to elect; or, failing to do so, the indictment will be quashed. This on the well-defined ground that in such a case it would be necessary to offer proof of two independent transactions, thus producing confusion in the minds of the jurors. Thomas v. State, supra. But where there is but one transaction proven, and the defendant is only called upon to meet the proof as to one set of facts which may relate to each allegation in the indictment, the reason for the rule disappears and the rule with it.

[4] The doctrine of election has a field of operation for the protection of defendants in their substantial rights and protects them from being prosecuted for more than one offense in the same count of an indictment; but they must not be permitted to use a shadow with which to invoke a technicality, and thereby escape the just punishment for crime. In the Brooms Case, 72 South. 691,[1] and 73 South. 35,[2] the judge writing the opinion correctly stated the rule of law, when applied to facts tending to prove two or more offenses; but the Brooms Case is misleading, in that it states the broad rule, without limit as to a given status, as indicated by the majority opinion on review. The court did not err in overruling the defendant's motion

for an election. Only one act was testified to, only one witness examined by the state, and it appears from the record that the defendant readily and promptly produced witnesses to contradict the state's evidence.

[5] The above does not apply to violations of the prohibition laws where offenses are charged in separate counts.

We find no error in the record, and the judgment is affirmed.

Affirmed.