(77 South. 78)

JOYNER v. STATE.　(5 Div. 218.)

(Court of Appeals of Alabama.　June 30, 1917.
Rehearing Denied Nov. 13, 1917.)

1. CRIMINAL LAW ⬩678(1) — ELECTION BETWEEN ACTS CHARGED.

Where there is only one count in an indictment for violation of the prohibition law, the state may be required to elect which transaction it will rely on for conviction, where witnesses testify to several sales of intoxicating liquors.

2. INDICTMENT AND INFORMATION ⬩132(2)— ELECTION OF OFFENSE BY STATE—ALTERNATIVE ACTS CONSTITUTING A VIOLATION.

Under an indictment for selling, offering for sale, keeping for sale, or having in possession for sale intoxicating liquors, the state cannot be required to elect under which alternative it would proceed; Acts 1915, p. 30, § 29½, authorizing an indictment to state in the alternative several acts of a kindred nature that constitute a violation of the statute.

Appeal from Circuit Court, Coosa County; S. L. Brewer, Judge.

William Joyner was convicted of violation of the prohibition law, and he appeals. Affirmed.

Certiorari denied 201 Ala.696, 77 South.1000.

Riddle & Riddle, of Talladega, for appellant.　W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

BRICKEN, J.　The indictment under which the defendant was tried and convicted contained one count only, and was as follows:

"The grand jury of said county charge that, before the finding of this indictment, William Joyner sold, offered for sale, kept for sale, had in his possession for sale, or otherwise unlawfully disposed of spirituous, vinous, or malt liquors contrary to law," etc.

[1] On the trial of the case, the state introduced three witnesses, each of whom testified that they had bought whisky from the defendant at different times, but within the period covered by the indictment.　At the conclusion of the state's testimony, the defendant moved the court to require the state to elect on which transaction the defendant was being tried.　This motion was granted, and properly so, as the indictment contained only one count, and, notwithstanding the several alternative averments, but one conviction could have been had under this single count in the indictment charging different violations of the prohibition law in the alternative; and the state elected to prosecute on the transaction as testified to by Moses Jacobs, the first witness introduced by the state.

[2] Thereupon the defendant again moved the court to require the state to elect under which alternative of the indictment they would prosecute defendant.　The court denied this motion, and refused to require the state to elect under which alternative of the indictment it would proceed, and to this action of the court the defendant duly excepted.　This motion was properly denied. Beason v. State, 72 Ala. 191; Herring v. State, 75 South. 646.[1]　The witness Moses Jacobs only testified to one transaction, to wit, the purchase from the defendant of one-half pint of whisky for which the witness paid 50 cents; the whisky being purchased in the defendant's place of business, where he sold soft drinks and other articles of merchandise, in Goodwater, Ala.

Under the law, when the court required the state to rely on a single transaction, the defendant received full benefit of the doctrine of election, and was not entitled to require the state to elect on which alternative averment in the indictment it would rely.　To so hold would emasculate the statute authorizing the indictment to state in the alternative several acts of a kindred nature that constitute a violation of the statute.　Acts 1915, p. 30, § 29½.　The holding of the court

in Brooms v. State, 15 Ala. App. 118, 72 South. 691, is in conflict with these views, and is hereby expressly overruled.

Upon consideration of the other questions, we find no error prejudicial to the defendant, and the judgment will be affirmed.

Affirmed.