(78 South. 419)

COLLIER v. STATE. (6 Div. 299.)*

(Court of Appeals of Alabama. March 12, 1918. Rehearing Denied April 2, 1918.)

1. INDICTMENT AND INFORMATION ⬤➡110(55) —FOLLOWING STATUTORY FORM—VAGRANCY.

An indictment for vagrancy in the form prescribed by Code 1907, § 7161, form 112, is sufficient.

2. CRIMINAL LAW ⬤➡678(1) — ELECTION BETWEEN OFFENSES.

The indictment charging but one offense, the state cannot be required to elect, unless evidence of more than one offense is offered.

3. VAGRANCY ⬤➡3 — EVIDENCE — ADMISSIBLE UNDER CHARGE OF VAGRANCY.

Vagrancy being a state or condition continuing in its nature, the state may show one or all the facts constituting vagrancy, as defined by the statute.

4. CRIMINAL LAW ⬤➡1168(1) — APPEAL — HARMLESS ERROR—LIMITING INQUIRY.

Defendant, prosecuted for vagrancy, cannot complain of the court's action, of its own motion, not injuring him, limiting the scope of the inquiry.

Appeal from Criminal Court, Jefferson County; A. H. Alston, Judge.

W. T. Collier was convicted of vagrancy, and appeals. Affirmed.

M. Frank Cahalan, of Birmingham, for appellant. F. Loyd Tate, Atty. Gen., and David W. W. Fuller, Asst. Atty. Gen., for the State.

BROWN, P. J. [1] The indictment consists of one count which follows the form prescribed by the statute, and as repeatedly held, is sufficient to sustain a judgment of conviction, and is not subject to demurrer.

Code 1907, § 7161, p. 679, form 112; Newsum v. State, 10 Ala. App. 124, 65 South. 87; Kimbell v. State, 165 Ala. 118, 51 South. 16.

[2-4] The indictment charging but one offense, the state could not be required to elect, unless evidence of more than one offense was offered. Joyner v. State, ante, p. 240, 77 South. 78 (expressly overruling Brooms v. State, 15 Ala. App. 118, 72 South. 691); Mason v. State, ante, p. 405, 78 South. 321. Vagrancy being a state or condition continuing in its nature, it was permissible for the prosecution to show one or all the facts constituting vagrancy as defined by the statute. Brannon v. State, ante, p. 259, 76 South. 991. And the defendant was not injured, and cannot complain that the court of its own motion limited the scope of the inquiry. Brannon v. State, 12 Ala. App. 189, 67 South. 634.

We find no error in the record.

Affirmed.