(101 So. 768)

BURT v. STATE. (7 Div. 988.)

(Court of Appeals of Alabama. Sept. 2, 1924. Rehearing Denied Oct. 7, 1924.)

1. Criminal law ⬤═►280(5)—Unverified plea in abatement properly overruled.

Purported plea in abatement, unverified as required by statute, and the truth of which did not appear by other matter of record or by written evidence accompanying it, held properly overruled.

2. Criminal law ⬤═►42—Immunity held not to extend to one gaining admission to grand jury and testifying for purpose of obtaining immunity.

Acts 1915, p. 12, § 12, granting immunity to persons testifying before grand jury, does not apply to one who by subterfuge gains admittance under pretense of appearing against another and testifies concerning his offense then under investigation so as to preclude prosecution.

3. Criminal law ⬤═►42—Immunity not available where appearance was before grand jury other than that which indicted him.

Where indictment returned by grand jury before which defendant had testified was defective, and indictment on which he was finally brought to trial was returned by second grand jury before which he had not appeared, immunity granted by Acts 1915, p. 12, § 12, was not available in bar of prosecution.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

John Burt was convicted of violating the Prohibition Law, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Burt, 212 Ala. 96, 101 So. 770.

E. O. McCord & Son, of Gadsden, for appellant.

A witness must not be prosecuted for any offense as to which he testifies before the grand jury. Acts 1915, p. 12, § 12.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The act of 1915 does not avail the appellant in this case.

BRICKEN, P. J. The indictment upon which this defendant was tried and convicted was found by the grand jury at the fall term, 1921, of the circuit court of Etowah county, and was returned into open court on October 15, 1921. It contained two counts. Count 1, in proper form and substance, charged that the defendant did distill, make, or manufacture alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol, etc. And count 2 charged him with the offense of unlawfully possessing a still, etc., to be used for the purpose of manufacturing prohibited liquors and beverages.

The trial of this defendant in the court below did not occur until November 27, 1923. He was then convicted by a general verdict of the jury, to wit: "We, the jury, find the defendant guilty as charged in the indictment." Judgment of conviction was duly pronounced, and the prisoner was sentenced to serve an indeterminate term of imprisonment in the penitentiary of not less than 18 months, nor more than 30 months, from which judgment he appealed.

On the trial of this case several exceptions were reserved to the rulings of the court upon the testimony. However, upon examination of each of these exceptions, we find them so clearly without merit as not to need discussion.

The defendant offered no evidence in his own behalf. The evidence offered by the state was therefore without dispute and consisted of the testimony of several witnesses. It tended to show that during the month of March, 1921, the searching party found in a shed attached to the barn of the defendant "a complete distilling outfit set up; they found a still cap, and worm, flake stand, and furnace; these things were put together; they also found eleven barrels of beer, such as was commonly or generally used in making whisky. The complete still, etc., was about 75 yards from the public road, but was concealed from ordinary observation. They found, also, about 500 gallons of beer which contained alcohol. Also, an oil stove, numerous buckets, and other paraphernalia, and 48 quarts of corn whisky." In a voluntary statement relative to all this, "the defendant said it all belonged to him and that nobody else had anything to do with it."

Before pleading to the merits of the indictment, the defendant filed a purported plea in abatement thereto, seeking to quash the indictment, and the ruling of the court in this connection is the principal insistence of error on this appeal.

The purported plea in abatement was as follows:

"Now comes the defendant and says that the state ought not further to prosecute this indictment against him because that he did appear before the grand jury of Etowah county, Ala., and disclose to said grand jury and give in testimony all the facts as to the possession of said distilling, making, manufacturing, alcoholic beverages, a part of which was alcohol, and that he did give to said grand jury all the facts as to the possession by him and another of said still and stilling equipment; that he further testified before said grand jury that he had a part in the same; and that after such testimony had been given by him before said grand jury he was indicted for having said still in his possession and for the manufacture of prohibited liquors thereon as testified to by him before said grand jury, and that the indictment upon which he is now to be tried is for the identical manufacture, possession, etc., as testified to by him before said grand jury in Etowah county, Ala., before said indictment was preferred against him. Wherefore the defendant says that the state of Alabama ought not further to prosecute this cause, and he moves the court that the same be abated and dismissed out of this court. E. O. McCord & Son,

"Attorneys for the Defendant.

"Filed November 27, 1923."

In support of said purported plea defendant offered the following testimony:

"One McHenry being duly sworn testified that he was on the grand jury that convened here in April, 1921; that one Thompson was foreman of said grand jury, D. A. Thompson was his name, and that Mr. Sively was solicitor in charge; that he (witness) knew Burt, the defendant in this cause; that Burt, the defendant, was before the grand jury, as a witness; he volunteered to come in, and he testified; he just volunteered to come in and said that it was his still, and his wife did the same; he didn't say it was anybody else's still, but that he had another fellow hired, giving him $10 a night, he said. Witness did not think any questions were asked him. He was sworn. Witness was inside the grand jury room when he came in.

"John Burt, the defendant, being duly sworn, testified as follows: Asked what occurred between himself and the solicitor before he went into the grand jury room, he testified that when the solicitor came out of the grand jury room at dinner witness said to him, 'I am charged here with a liquor case,' and I said, 'There is another man just as guilty as I am,' and I says, 'I don't think it fair for me to bear all the brunt, and I want him indicted for it,' and the solicitor said, 'All right, I will let you in, after dinner,' and after dinner me and the woman went in the grand jury room. This occurred in the grand jury room. I told them who the man was and what I paid him for the day and night work. I told them all about that transaction, and that is the same transaction I am on trial here for at this time. I was under bond when I went before the grand jury; they had arrested me before that. I was arrested on the 4th day of March. Here a bond was introduced in evidence dated the 4th day of March, 1921, marked, 'Taken and approved 4th day of March, 1921, William Chandler, Sheriff,' and executed by J. C. Burt and sureties, to appear at the next term of the circuit court of Etowah county, and from day to day until discharged by law, to answer any indictment that may be pre-

ferred against him by the grand jury of said county for the offense of manufacturing liquor. The solicitor then said: 'It is not controverted but that this defendant was under arrest at that time. I think that is the truth of it.'

"On cross-examinaion said witness Burt testified that when he saw the solicitor the grand jury was in session, and that was the spring term, 1921, of the grand jury of Etowah county; that he was not summoned before the jury at that time and he never did receive a subpœna from the solicitor or the foreman of the grand jury to come in and give evidence before the grand jury with reference to the matters and things detailed before the jury; that he came in according to the consent of the solicitor; he did not tear down the door and come in, but he told the grand jury and solicitor there was another man in it with him (witness), and that he did not think it was right for him (witness) to bear it all, that he wanted to come in and tell on him, and the solicitor told him (witness) all right; that he came in and swore before the solicitor of the circuit court and told about a man by the name of Richards, that he paid him $10 a day, and witness' wife connected up with the same chain of circumstances."

In this connection, also, the following occurred upon the hearing of this matter:

"Here the defendant's counsel agreed that it was admitted that the defendant (this witness) did not come before the grand jury at the fall term thereafter of the grand jury of 1921. Here the state's solicitor stated to the court: 'Now, your honor understands, I guess, about the spring term of the grand jury of 1921, that after the indictment had been returned, the Court of Appeals rendered a decision saying that the indictment should have said "subsequent to the 1st day of November instead of the 30th day of September," and after that opinion was rendered the witnesses, with the exception of this man, were brought before the grand jury and an indictment gotten upon which this defendant is to be tried.'

"Attorney for the defendant replied: 'In order that the record may be straight, if the court please, I suppose it is not controverted but that this is the same offense, that both indictments refer to the same transaction.'

"The state's solicitor replied: 'I think, as a matter of fact, that is true; I have got nothing to hide.' The Court said: 'Yes, he says it is the same offense.' The state's solicitor replied: 'Well, I think he is right about that too.' "

[1] The ruling of the court must be sustained for two reasons: (1) Said purported plea in abatement, as will be noted, was not verified by affidavit as the law requires. The statute expressly provides that no plea in abatement, or other dilatory plea to an indictment, must be received, unless it is verified by oath, or unless its truth appears by some matter of record or other written evidence accompanying it.

[2] But if this was not true, we are of the opinion that the provisions of the statute relied upon by appellant were never intended to be applied under such facts and circumstances detailed here and upon which appellant rests his contention. From the facts here shown there appears an adroit deliberate effort upon the part of defendant to defeat the ends of justice, and avoid the punishment of the law by resort to subterfuge and misrepresentation made by him to the solicitor in order to gain access to the grand jury room in furtherance of this deliberate purpose. By defendant's own admission this clearly appears. In order to gain access to the grand jury room, he represented to the solicitor, attendant upon the grand jury, that he wanted to appear against one Richards who was just as guilty as he was, etc. (see his own testimony hereinabove set out). It developed that whatever wrongdoing or offense that said Richards had committed was at the instance of this man who had paid him $10 a day for working with him at the still. It is clearly evident that the solicitor could not know the purpose of the request of this defendant to be admitted to the grand jury, and no censure of the solicitor should be indulged in this connection, for even a solicitor cannot be expected or called upon to perform the impossible, and guard the portals of the grand jury room from such manifest impositions as here indulged. He may not have known the man, or that he had a case pending before the grand jury, and under the stress of his many and varied duties incident to his office during court time, it was not to be expected that he would do other than accord to a citizen, upon request, the privilege of presenting a case to the grand jury. As stated, under our view of the statute relied upon for immunity from punishment as here contended, it was not the intent of the Legislature to provide an avenue for the palpable imposition attempted by this defendant, and we cannot give sanction thereto by holding that this appellant shall be the beneficiary of his own wrongdoing. To thus hold would open an avenue of escape for shrewd sharp criminals to evade punishment without reference to how heinous the crime charged against them might be.

[3] Moreover, it affirmatively appears that this defendant did not appear before the grand jury who returned the second indictment against him and upon which he was tried and convicted. The fact that he so appeared before a former grand jury and the indictment found at that time being defective, and later another one returned, cannot avail the defendant in this insistence; it affirmatively appearing that the indictment upon which he was finally tried and convicted, and to which the so-called plea in abatement was interposed, was not and could not have been predicated upon such statement as this man may have made to the grand jury at a former time.

We find no error of a reversible nature in the trial of this case. The record proper is regular and without error. Judgment affirmed.

Affirmed.