(115 So. 761)

## GRACE v. STATE.   (8 Div. 664.)

Court of Appeals of Alabama.   March 13, 1928.

J. N. Powell, of Decatur, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. The defendant filed a plea in abatement, alleging that he was forced to go before the grand jury that found the indictment and to there give evidence relating to the charge, etc. This defense was pleaded by way of abatement, and was by the court submitted to the jury under the rule recognized in Burt v. State, 20 Ala. App. 296, 101 So. 768, and Ex parte Burt, 212 Ala. 96, 101 So. 770.

The plea in abatement and the plea of not guilty were submitted to the jury at the same time. This was irregular, but, having been submitted together without objection, the defendant waived the right to have the issues separately tried. The verdict responded to both issues. We will therefore not predicate error on the irregularity. Davis v. State, 136 Ala. 129, 33 So. 818; Hays v. State, 15 Ala. App. 104, 72 So. 577.

The question as to whether a defendant will be put upon trial under certain conditions rests largely in the discretion of the trial judge. He is present, seeing and hearing what takes place. He is in better position to know whether the motion for a continuance is made in good faith or captiously, and with a desire for delay merely. Unless it appears that this discretion is abused, the appellate courts ought not and will not revise his ruling.

The motion to quash the indictment on the ground that the defendant had been called and required to give evidence before the grand jury touching the crime charged in the indictment was based upon the immunity given under section 4635 of the Code of 1923, which provides:

"A witness must not be prosecuted for any offense as to which he testifies before the grand jury; and the solicitor or any member of the grand jury may be a witness to prove that fact."

If the grounds set out in the motion are true, i. e., he had been called before the grand jury, and caused to testify to or concerning the offense for which he stands indicted before the indictment was found, then the defendant is entitled to the immunity under the statute, either through a plea in abatement or a motion to quash the indictment. In this case the defendant filed a plea in abatement claiming the same immunity as that in his motion to quash, and over objection by demurrer the court had sustained the plea and submitted that issue to the jury along with the plea of not guilty. The court overruled defendant's motion to quash. Quære? Was this action of the court error, and, if so,

did the plea in abatement and its submission to the jury render the error harmless?

There is a marked difference between a plea in abatement and a motion to quash; the first being that a plea in abatement presents an issue to be tried by the jury, while a motion to quash presents an issue to be decided by the court. Sandwich v. State, 137 Ala. 85, 34 So. 620. Therefore, if the court by its ruling has put the defendant to an issue before the jury, when he should have decided it himself, it would be error to a reversal, and would not be cured by the fact that the jury, under a charge by the court, passed upon the identical question presented by the motion to quash.

In the second place, the office of a plea in abatement is to present matters of defense extrinsic of the indictment, such as want of jurisdiction, misnomer, and the like, while a motion to quash relates to matters inherent and intrinsic. 21 R. C. L. 543, par. 103. The general rule as stated in 31 Corpus Juris, 807, is:

"That matters which go to the proceedings of the grand jury and are provable only by the testimony of the grand jurors may * * * be set up by motion to quash."

The foregoing text is supported by numerous decisions from other states, and by Sparrenbergers' Case, 53 Ala. 481, 25 Am. Rep. 643, in which speaking of pleas in abatement alleging that the indictment was returned without any witness being examined, and that twelve grand jurors did not concur in the indictment, the court said:

"The objection cannot * * * be taken by plea. * * * The inquiry the objection involves is not triable by a jury; it is addressed to the court, and to its power over its records."

The motion here is, not that the indictment be abated, that another may be returned, but the defendant seeks to annihilate the indictment by denying that it ever had a legal existence. If the grounds of defendant's motion should be found by the court to be true, "truth and justice, the preservation of the verity and dignity of its own records, the protection of the citizen and constitutional guaranty, demand that the court should expunge the spurious paper." In the Sandwich Case, 137 Ala. 85, 34 So. 620, where the defendant claimed immunity under a statute (now section 4244 of the Code of 1923), the opinion in Sparrenbergers' Case was followed, and it was there held that the defense was properly presented by motion to quash, and that it was the duty of the court to pass upon the question. This court, in Burt v. State, 20 Ala. App. 296, 101 So. 768, did not hold that a plea in abatement was the proper pleading to present the matter of defense, but with the pleading before it in that case held that, under the statute (section 5197, Code 1923), a plea in abatement must be sworn to. That disposed of the plea, and the court went no further. On the contrary, the Supreme Court, in denying the writ, refers to the pleading as "the plea or *motion*." Ex parte Burt, 212 Ala. 96, 101 So. 770. In a latter case this court did hold that the matter was properly presented by motion to quash. Culbreath v. State, 113 So. 465,[1] and cited the Joyner Case, 78 Ala. 448, and the Sparrenberger Case, supra. In still a later case this court has held a motion to quash to be the proper mode of raising the question where immunity from prosecution was the defense. Brown et al. v. State, ante, p. 290, 115 So. 68. See, also, U. S. v. Edgerton (D. C.) 80 F. 374.

There are certain matters affecting the validity of indictments which by statute must be raised by the plea in abatement, thus transferring the responsibility from the court to the jury, but immunity from prosecution by reason of giving testimony before the grand jury in the cause in which the indictment is returned must be presented by motion to quash.

The court did not err in refusing to grant defendant's motion for a continuance. The fact that defendant had testified in another case and before another jury to facts relating to the same crime with which defendant stands charged could not prejudice defendant's cause. Nor should the court grant a continuance because some of the jurors on the panel that tried defendant were in the courthouse and heard the evidence in a case where the evidence was similar and concerned the same transaction with which defendant is charged.

The various rulings of the court upon the admission of testimony have been examined, and are found to be without error or without prejudicial effect on defendant's case.

No exceptions to the action of the court in overruling defendant's motion for new trial appears in the bill of exceptions, without which this court will not review the court's action in overruling defendant's motion.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

---

[1] Ante, p. 143.