141 So. 362

## HILL v. STATE.
### 8 Div. 247.

Court of Appeals of Alabama.
April 5, 1932.

Rehearing Denied April 19, 1932.

court in this regard. In the absence of exception appearing in the bill of exceptions, this court cannot consider the motion for new trial. Grace v. State, 22 Ala. App. 360, 115 So. 761.

The defendant requested the court in writing to give two charges, which are incorporated in the bill of exceptions. Both of these charges were properly refused as being invasive of the province of the jury. Each of these charges ignores the tenth definition of a vagrant, as fixed by section 5571 of the Code of 1923.

The general charge in behalf of defendant was not requested, in the absence of which we do not pass upon the sufficiency of the evidence.

The judgment is affirmed.

Affirmed.

Rehearing Denied April 19, 1932.

Cooper & Cooper, of Huntsville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

SAMFORD, J.

The indictment is in Code form and as has been repeatedly held is sufficient to charge the offense denounced by the statute. Brannon v. State, 16 Ala. App. 259, 76 So. 991; Collier v. State, 16 Ala. App. 425, 78 So. 419.

There was much illegal testimony in this case, but for some reason none of it was objected to, and no exceptions are reserved to its introduction. After conviction by a jury motion was made to set aside the verdict setting forth several grounds, but as to what action was taken on the motion does not appear from the bill of exceptions and no exception reserved to the action of the