133 So.2d 893

**Jerry Gay COSBY**

v.

**STATE.**

**7 Div. 655.**

Court of Appeals of Alabama.

Oct. 24, 1961.

No attorney for appellant.

MacDonald Gallion, Atty. Gen., and Jerry L. Coe, Asst. Atty. Gen., for the State

HARWOOD, Presiding Judge.

This appellant was indicted for murder in the first degree, and upon his trial had been adjudged guilty of manslaughter in the first degree.

Although no brief has been filed in appellant's behalf we have, consonant with our duty, fully reviewed this record.

Actually, there is very little conflict between the evidence presented by the State and that presented by the defense as to the material issues in the trial.

The evidence tends to show that this appellant and the deceased and two companions had been together on the night of March 9, 1961, and had driven around in the deceased's automobile. During the course of the night they had procured, and consumed, two pints of wildcat liquor. About 10 o'clock it was decided they would drive to the home of one of the parties and procure some guitars in order to play some music at Mickey's place, an establishment near Talladega. In the alternative they were going to try to procure more whiskey.

The deceased stated that he did not have sufficient gasoline and the appellant put a dollar's worth in the deceased's automobile. Thereafter, the deceased refused to drive the party anywhere and an argument arose in the parking lot at Mickey's. The appellant told the deceased that he ought to knock him over, and the deceased replied, "You son-of-a-bitch you are going to have to prove it before I believe it." Thereupon the appellant struck the deceased a hard lick on the mouth, knocking out two teeth. According to the evidence presented by the State, the appellant then pushed the deceased to the black top pavement and holding the deceased by the hair, beat his head on the black top, and also on a car near which the deceased fell. The appellant denies that he ever struck the deceased after the first blow, or that he beat his head upon the pavement, or upon a car. It was the appellant's contention that the deceased had received the head injury accidentally when he, the appellant, tried to place the unconscious or semi-conscious deceased in an automobile.

At any rate, the deceased seems never to have regained full consciousness after he was struck by the appellant. When seen later on by a physician it was the physician's opinion that the deceased was suffering from a brain injury. He was thereupon taken to Birmingham where a brain operation was performed. The deceased died a day or so later.

Expert medical testimony was to the effect that the deceased had died of a blood clot on the brain resulting from a blow to the skull.

While the transcript of the evidence is quite voluminous, the court's ruling was invoked only a very few times. We have examined each ruling, and are clear to the conclusion that either the ruling was in the appellant's favor, or was palpably correct under well settled legal principles. No purpose would be served in discussing these rulings.

At the conclusion of the State's case, counsel for the appellant moved that the State be forced to elect as to which alternative under the indictment the State intended to prosecute.

■ The indictment charged that the appellant "killed Charles Melvin Knight by hitting or striking him on or about the face or head, or by hitting or striking his head against an automobile, or by hitting or striking his head against the asphalt pavement."

The indictment charging but one offense, the State could not be required to elect unless evidence of more than one offense was offered. Collier v. State, 16 Ala.App. 425, 78 So. 419. Clearly the evidence in this case was directed toward showing only one offense, and the court's ruling denying the appellant's motion was correct.

■ The charges requested by the appellant were all affirmative in nature, and were properly refused under the developed evidence.

We are clear to the conclusion that this record is free of any error probably injurious to any substantial right of this appellant and the judgment below is due to be affirmed. It is so ordered.

Affirmed.