203 So.2d 700

**Christine BROWN**

v.

**STATE.**

**8 Div. 121.**

Court of Appeals of Alabama.

Nov. 7, 1967.

Donald E. Holt, Florence, for appellant.

MacDonald Gallion, Atty. Gen., and Lucian L. Smith, Jr., Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The appellant was convicted of the offense of illegal possession of prohibited liquors. Her punishment was fixed at a fine of $50.00 and 90 days at hard labor for Lauderdale County.

L. W. Moseley, the State's only witness, testified that on September 10, 1966, he was Supervisor of the Enforcement Division of the Alabama Alcoholic Beverage Control Board, assigned to the Florence area; that on that date he went to the home of defendant and asked to buy a bottle of whiskey; that defendant handed him a pint bottle of Lem Motlow whiskey for which he paid her $5.00. The bottle of whiskey was introduced in evidence.

Defendant and her sister-in-law, Mrs. Ora Webb, denied that defendant sold whiskey to Officer Moseley, or received any money from him.

■ The evidence was sufficient to sustain the conviction. The motion for a new trial, on the ground of the insufficiency of the evidence, was properly denied.

The complaint filed by the district attorney charges that the defendant "did sell or have in possession illegally, give barter, exchange, receive, deliver, carry, or ship prohibited liquors," etc.

■ Counsel insists the court committed reversible error in overruling defendant's motion to require the State to elect under which alternative charge in the complaint it would prosecute the defendant, citing as authority for such contention the case of Brooms v. State, 15 Ala.App. 118, 72 So. 691. The holding of the court in *Brooms* was expressly overruled in Joyner v. State, 16 Ala.App. 240, 77 So. 78, certiorari denied, 201 Ala. 696, 77 So. 1000. In *Joyner,* the court pointed out that, where the State relies on a single transaction, the defendant receives full benefit of the doctrine of election and is not entitled to require the State to elect on which alternative averment in the complaint it will rely. See also, Herring v. State, 16 Ala. App. 98, 75 So. 646; Jemison v. State, 40 Ala.App. 581, 120 So.2d 748. The motion was properly denied.

■ Appellant next contends that Officer Moseley is an accomplice whose testimony is not corroborated, and that the court erred in denying her motion to exclude the State's evidence and in refusing appellant's requested instructions to the jury as to the principle of corroboration of an accomplice. We find no merit in this contention.

■ This statement appears in 23 C.J.S. Criminal Law § 788, p. 11:

"A detective or police officer who is engaged in attempts to discover violations of the law is not an accomplice of one charged with such a violation, even though

the detective may have been instrumental in procuring the specific violation of the law on which the prosecution is based. Familiar illustrations of this principle are found in cases where detectives or other officers, investigating alleged illegal sales of liquor, purchase such liquor for the purpose of securing evidence, * * *." See cases cited in the text.

See also, Johnson v. State, 36 Ala.App. 634, 61 So.2d 867.

 Moreover, an accomplice is one who could have been indicted and convicted of the offense charged, either as principal or accessory. Ash v. State, 81 Ala. 76, 1 So. 558; Dykes v. State, 30 Ala.App. 129, 1 So.2d 754.

"One who purchases intoxicating liquor from a bootlegger is not an accomplice of the seller. He is guilty of no offense under the statute, unless after purchasing the liquor he should transport it or should have possession of it with intent to violate the law. These are independent offenses from the sale." Leigh v. State, 34 Okl.Cr. 338, 246 P. 667.

But, even if the State's witness were an accomplice, his testimony did not require corroboration. The defendant here is charged with a violation of Title 29, Sec. 98, Code 1940, which is made a misdemeanor by Sec. 99 of said Title 29. The statute requiring corroboration of an accomplice applies in cases of felony only, and has no application to misdemeanors. Title 15, Sec. 307, Code, supra; Mickle v. State, 31 Ala.App. 141, 13 So.2d 100; Judge v. State, 32 Ala.App. 256, 24 So.2d 568.

One ground of defendant's motion to exclude the evidence, made at the conclusion of the State's testimony, was that venue had not been proved. The court granted the State permission to introduce evidence as to venue. This was not error. The trial court must permit proof of such omission at any time before the conclusion of the argument. Rule 35, Circuit and Inferior Court Rules of Practice, Title 7, Code 1940.

The judgment is affirmed.

Affirmed.