Buddy Lee Craft was indicted for first degree murder in that he "did intentionally cause the death of another person, to-wit: John David Robinson, by shooting him with a shotgun," in violation of § 13A-6-2, Code of Alabama 1975. After a jury's verdict of "guilty as charged" the trial court sentenced appellant to thirty-five years' imprisonment. Appellant's motion for a new trial was denied and this appeal followed.
On May 12, 1980, John David Robinson was shot several times and killed with "buckshot" from either a .12 gauge or a .16 gauge shotgun. The state presented five eye witnesses who testified that they saw appellant and his brother, William Craft, at the time of the shooting and that both men were carrying shotguns. Four of the state's witnesses saw appellant shooting in the direction of the victim as he, the victim, stopped his truck, jumped out, tried to elude the barrage of gunfire, and fell to the ground fatally wounded. One witness, Joyce Doss, saw appellant then walk out into the street, put his gun in his car and leave the scene.
Appellant and his brother, William Craft, who had already been convicted of murder in this same incident, testified that appellant did none of the shooting. They testified that appellant was, coincidentally, present at the time of the shooting and that rather than participate, he grabbed his brother's child and took her to safety.
Captain Keith Smith of the Scottsboro Police Department investigated the crime and testified that five plastic plungers from a .16 gauge shotgun, five plastic plungers from a .12 gauge shotgun, the waddings for each, five .12 gauge shell casings, and a .12 gauge shotgun were found at the scene. The other shotgun, allegedly fired during the shooting was not found.
The jury was not convinced by the testimony of the appellant and his brother and chose, instead, to believe the five eye witnesses who said appellant participated in the slaying.
 I
Initially, the appellant contends that the evidence was insufficient to sustain a conviction because the .16 gauge shotgun was not recovered and because the eye witnesses' testimonies were conflicting. This contention is unfounded. Except for the testimony of the appellant and his brother, the eye witness accounts are uncontroverted and consistent in that appellant was shooting at the victim at the time he received his fatal wounds. Though the .16 gauge shotgun was not recovered, the .16 gauge plastic plungers and waddings found at the scene support the eye witness testimony that two shotgunswere fired at the victim. The jury chose to believe that the appellant was firing one of these weapons.
 II
The appellant also appeals a ruling of the trial court which he contends was error by not granting his motion to require the state to elect to proceed against appellant either as a principal or as an accomplice.
In support of this contention, appellant cites the case ofBrooms v. State, 15 Ala. App. 118, 72 So. 691 (1916). However, this case was expressly overruled by Joyner v. State,16 Ala. App. 240, 77 So. 78, cert. denied, 201 Ala. 696,77 So. 1000 (1917), which clearly stated that where, as in the instant case, only one offense is charged and evidence of only one "transaction" is established at trial, there is no need for an election from among one or more theories of "guilt". Brown v.State, 44 Ala. App. 135, 203 So.2d 700 (1967).
Even if an election were required, the state obviously made its choice by producing overwhelming evidence that appellant in fact was a participant in the fatal shooting incident. Elam v.State, 26 Ala. 48 (1855); Deason v. State, Ala., 363 So.2d 1001
(1978), and cases cited therein.
Whether appellant is ultimately labeled a principal or an accessory is no longer of consequence in the law of Alabama. Section 13A-2-20, -23, Code of Alabama 1975; Stokely v. State,254 Ala. 534, 49 So.2d 284 *Page 1080 
(1950); Kendrick v. State, Ala.Cr.App., 377 So.2d 1112, cert. denied, Ala., 377 So.2d 1114 (1979).
 III
Appellant's argument that the trial court erred in giving a complicity charge to the jury is, likewise, without merit. The trial court merely informed the jury of a correct rule of law, i.e. that an accomplice is now just as guilty as a principal in the eyes of the law in Alabama. Section 13A-2-20, -23, Code of Alabama 1975. While this charge appears to have been unnecessary under the facts revealed in the transcript, there is no indication that it had any prejudicial effect on appellant's case.
 IV
Appellant's final contention is that the trial court erred in refusing a jury charge on circumstantial evidence, which stated: (R. 182, also 197.)
 "The court charges the jury that the burden is upon the State, and it is the duty of the State, to show, beyond all reasonable doubt, and to the exclusion of every other reasonable hypothesis, every circumstance necessary to show that the defendant is guilty; and unless the state has done that in this case, it is your duty, gentlemen of the jury, to render a verdict of not guilty." (Emphasis supplied).
Before reaching the accuracy of this omitted charge, we need only point out that the state's case did not rest upon circumstantial evidence. There was overwhelming direct evidence (five eye witnesses) sufficient to convince a jury of appellant's guilt. Consequently, no charge on circumstantial evidence was necessary. Jones v. State, 54 Ala. App. 167,306 So.2d 33 (1974), affirmed, 293 Ala. 762, 306 So.2d 45 (1975);Johnson v. State, 55 Ala. App. 581, 317 So.2d 548 (1975). Any circumstantial evidence presented to the jury merely corroborated the direct evidence.
Moreover, the requested charge in this instance was an incorrect statement of the law. The underscored clause, "all reasonable doubt," has been rejected in favor of the conventional "a reasonable doubt." Chavers v. State, Ala.,361 So.2d 1106, 1109 (1978); and cases therein cited.
Thus, the trial court properly instructed the jury on the correct "reasonable doubt" standard in its oral charge and was, therefore, justified in refusing appellant's requested charge.
There is no error in this record. This case is due to be and is hereby affirmed.
AFFIRMED.
All the Judges Concur.