State vs. Crenshaw.

---

## No. 11,230.

### THE STATE OF LOUISIANA VS. MACE CRENSHAW.

The indictment prepared by the district attorney is the formal presentation of the finding of the grand jury, and the omission of his signature can be remedied at any time in accordance with Sec. 1064, Revised Statutes.

The omission of the signature of the district attorney being a formal defect only, it must be taken advantage of before trial by demurrer or motion to quash the indictment.

In an indictment charging the defendant in two counts with burglary and larceny, growing out of the same transaction, a verdict of "guilty as charged in the indictment" is a sufficient basis for a sentence for the burglary.

Evidence intended solely to impeach the credibility of witnesses who testified on the trial is not sufficient ground for a motion for a new trial.

APPEAL from the Ninth District Court, Parish of DeSoto.
Hall, J.

*M. J. Cunningham*, Attorney General, and *J. B. Lee*, District Attorney, for the State, Appellee:

1. To enable the Court of Errors and Appeal to review the decision of the court below upon matters resting in its sound discretion, a case must be presented by a bill of exceptions, as to disclose all that is necessary to manifest the supposed error, unless it be apparent on the face of the records. In absence of a bill of exceptions the Supreme Court will not review points made in the trial court on a motion for new trial, which can not be assigned as error. Act No. 3 of 1843; 8 R. 529, 562, 571; 10 An. 456.

2. A new trial will not be granted on account of newly discovered evidence, when such testimony is merely cumulative. 7 An. 284; 35 An. 9; 36 An. 709; 37 An. 43; 39 An. 234; Whart. Cr. Pl. and Pr , Secs. 854, 866.

3. Newly discovered evidence, the effect of which is to impeach the credit of a witness for the State who has testified on the trial, is not grounds for a new trial. 27 An. 481; 30 An. 305; 32 An. 1227; Whart. Cr. Pl., Sec. 869.

4. The finding of a grand jury and the signature of the foreman of same, and its presentment into open court, gives to a "bill of indictment" its validity. The signature of a prosecuting attorney may be attached at any time, in fact the same is not essential to the validity of a "true bill." 8 R. 562; Wharton Cr. Law, p. 243, Secs. 354, 355, *et seq.*; Bish. Cr. Pl. and Pr., p. 428, Secs. 697, 698, 700 and 702; Arch., p. 76.

---

*George E. Head* and *Pierson & Elam* for Defendant and Appellant:

After the plea and empaneling and swearing of the jury the district attorney will not be permitted to affix his official signature to the bill of indictment; and on motion in arrest, because of the fact that the bill was not signed by the district attorney before plea and swearing and empaneling of jury, the verdict should be set aside. Rev. Stat. 1065; 32 An. 1178.

Where the district attorney places on bill of indictment only the names of witnesses upon the testimony of whom no conviction could be had, and upon trial produces witnesses whose names were not upon the bill, and upon whose testimony the defendant is convicted, the production of said witnesses and their testimony taking the defendant by surprise, a new trial should be granted.

Where burglary and larceny are charged as separate distinct offences in same bill in separate counts, a general verdict of "guilty" is not responsive, and no legal sentence can be based thereon; and sentence imposed on such a verdict will be set aside. 30 An. 1162; Bishop Cr. Procedure, I, 1297, 1325, 1326; 34 An. 1136; Proffat on Jury Trials, Sec. 426; 37 An. 779; Bishop Cr. Procedure, Sec. 1005, Vol. 1; 35 Mo. App. 551; 106 Mo. 635; 20 Neb. 138; 7 Wis. 219; 59 Cal. 342; 97 Ill. 32.

---

The opinion of the court was delivered by

McEnery, J. The defendant was charged in the indictment with burglary and larceny in two counts, the two offences originating in the same act. The jury returned a verdict of "guilty as charged in the indictment," and the judge sentenced him, as "having been convicted of the crime of burglary and larceny to the penitentiary at hard labor for a period of three years."

32

The indictment was not signed by the district attorney until the case was called for trial and the trial commenced, when, with the permission of the court, he affixed his signature to it.

The defendant complains that the conviction was illegal, as the indictment being without the signature of the district attorney when returned into court had no validity, and could not be the basis of a judgment, and that the indictment charged two separate and distinct offences, independent of each other, and that the verdict returned did not indicate or charge of which offence the defendant had been convicted.

1. There is no law in this State requiring the district attorney to sign a bill of indictment. His signature to it is not essential, as it is not his presentation of a crime but the accusation of a grand jury. The argument that the trial was interrupted by the signature being affixed during the course of the trial, and the minds of the jury distracted, has no bearing whatever on the case. A suspension of the trial momentarily to perform some duty incident to it, when there is no separation or improper influences brought to bear upon the jury, can in no way disturb their minds as to the facts which they are to consider. Whether the indictment was properly framed or not did not concern the jurors, and after its amendment under the direction of the court it was to all intents and purposes to them a valid and legal indictment. There was no fact in connection with the amending of the indictment that could possibly influence the verdict.

In some jurisdictions it has been held that the signature of the prosecuting officer was essential to the indictment when it left his hands and went to the grand jury.

In others the contrary doctrine has been held.

Under the law of this State, Section 2140, Revised Statutes, the grand jury can originate a prosecution. It is not essential that a crime be brought to its attention, either through examinations by committing magistrates or information through the district attorney. Section 2140 makes it the duty of a member of the grand jury to inform it of any violation of the criminal law of the State, or of any crime committed within the parish for which he is impaneled as a grand juror, since the sitting of the last grand jury, which may have come to his personal knowledge or of which he may have been informed.

The indictment prepared by the district attorney is therefore only a formal presentation of the finding of the grand jury. It is the act

of the grand jury, and not that of the district attorney. The omission of the signature even if necessary to the indictment was a formal defect, patent on its face, to be taken advantage of by demurrer or motion to quash before the jury shall be sworn.

2. In the case of State vs. Nicholls, 37 An. 779, we held that the verdict of guilty of "burglary and larceny" responded to the indictment, charging both in one count, and was equivalent to a verdict of "guilty as charged in the indictment," and the sentence for burglary only was sustained.

This decree was in accordance with paragraph 3048, 3 Wharton Criminal Law, which is as follows:

"Where the indictment charges in one count the breaking and entering of a building with intent to steal, and in another count a stealing in the same building on the same day, and defendant is found guilty generally, the sentence, whether that which is proper for burglary only, or for burglary and larceny also, can not be reversed for error, because the record does not show whether one offence only or two were proved on the trial; and as this must be known by the judge who tried the case, the sentence will be held to have been according to the law that was applicable to the facts proved.

"Where there is a general verdict of guilty upon several counts relating to the same transaction the practice is to pass judgment on the count charging the highest grade of offence."

The sentence imposed by the trial judge was in accordance with law, as laid down in the above quotation, and in the case of State vs. Nicholls, 37 An. 779.

The defendant filed a motion for a new trial. In the record there is the affidavit accompanying the motion of the defendant, and of other parties alleging that two witnesses swore falsely, upon whose testimony the conviction was had, and that they were of notorious bad character and unworthy of belief.

As this evidence is intended to impeach the testimony of witnesses on the trial it is not a legal ground for a motion for a new trial as newly discovered evidence. State vs. Williams, 38 An. 361; State vs. Gauthreaux, 38 An. 608; State vs. Burt et al., 41 An. 787; State vs. Garig, 43 An. 365; State vs. Chambers, 43 An. 1108.

Judgment affirmed.