# Cogbill *v.* The State.

## *Burglary.*

(Decided April 24, 1913.   62 South. 406.)

1. *Burglary; Evidence; Sufficiency.*—The evidence in this case examined and held sufficient to sustain a conviction for burglary.

2. *Same; Res Inter Alios Acta.*—Where it was asserted that goods stolen from the store of A., were sold to W., and found in his store, evidence of an action between A. and W. for the stolen goods, and the result thereof was res inter alios acta, and not admissible for the defendant, being prosecuted for burglary of the store of A.

3. *Appeal and Error; Harmless Error; Evidence.*—Where a certificate of a probate judge for the commitment of defendant to a hospital for the insane was rejected, but was later admitted as a proof that defendant was later admitted to the asylum, and no exception was reserved to the limitation, any error in the former rejection was cured by its later admission.

4. *Same; Exception; Limiting Purpose of Evidence.*—An exception must be reserved to the limitation of evidence in order to present that question for review on appeal.

5. *Evidence; Insanity; Presumption.*—There is no presumption that fitful and exceptional attacks of insanity are continuous; the presumption of· continuous insanity is raised only by proof of insanity of a chronic or permanent nature.

6. *Charge of Court; Insanity.*—Where under the evidence, the jury might have found properly that defendant's insanity, if he was insane, was occasional, only, a charge asserting that the presumption is that a person is sane until the contrary is shown, but that when insanity is once established, it is presumed to continue until it is shown that the person has been restored to sanity, and if the jury believe that defendant is shown at any time prior to the commission of the offense to have been insane, then, although they may believe that he committed the offense, at the same time they must find that he was insane at the time he committed the offense, unless it be shown beyond a reasonable doubt that he had been restored to sanity previous to the commission of the alleged offense, was properly refused as misleading.

7. *Same.*—Where the evidence was such that it was a question for the jury whether defendant's insanity was of a character constituting a defense to crime, the defendant was not entitled to have the jury instructed in general terms that if they found from the evidence beyond a reasonable doubt that defendant was insane, they must find that he was insane at that time, unless they found from the evidence beyond a reasonable doubt that prior to that time he had been restored to sanity.

APPEAL from Russell Circuit Court.

Heard before Hon. M. SOLLIE.

John Cogbill was convicted of burglary, and he appeals. Affirmed.

The following is charge 2: "The court charges the jury that the presumption of law is that a person is sane until the contrary is shown by the evidence, but that when insanity is once established the same is presumed to continue until it is shown by the evidence that the person has been restored to a mental condition of sanity. And if the jury believe from the evidence in this case beyond a reasonable doubt that the defendant is shown by the evidence at any time prior to the commission of this offense to have been insane, then, although the jury may believe from the evidence that the defendant committed the offense, at the same time the jury must find that the defendant was insane at the time he committed the offense, unless it be shown by the evidence beyond a reasonable doubt that he had been restored to sanity previous to the commission of the alleged offense."

GLENN & DE GRAFFENRIED, for appellant. The evidence was not sufficient to connect Cogbill with the burglary.—*Crane v. State,* 111 Ala. 45. The admissibility of the whole testimony depended upon the ownership of the property found in Whatley's store, and hence, the suit between Anthony and Whatley, and its result, was admissible. The judgment of the probate court admit-

[Cogbill v. The State.]

ting defendant to the asylum was competent evidence, under the plea of insanity.—Secs. 854, 856 and 859, Code 1907; *Pearce v. State,* 4 Ala. App. 32. The defendant was entitled to have the jury instructed on the issue of insanity as requested by him.—*Wray v. Wray,* 33 Ala. 187.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

WALKER, P. J.—There was evidence tending to prove the commission of the burglary alleged in the indictment during a night in May, 1911, and that when the fact was discovered on the following morning there was missing from the store of Anthony, which had been broken into, some cigars and 18 or 20 broken boxes of plug tobacco. These was also evidence tending to prove that late in the following night the appellant and one West, who was joined with him in the indictment, carried to the store of one Whatley and sold to him a lot of tobacco of the same kinds as that which was missed from Anthony's store, and which the next morning was found at Whatley's store by two policemen, who went there with a search warrant, and who delivered to Anthony some of the tobacco there found by them. Anthony testified that the tobacco which was brought back to him by the policemen was in boxes with his (Anthony's) name on them, and that he found at Whatley's store some cigars with his (Anthony's) name on them. Evidence of such circumstances afforded a basis for inferences that the tobacco, in the sale of which to Whatlay the appellant participated, was the same, or a part of the same tobacco which had disappeared from Anthony's store, and that the appellant had a guilty connection with the burglary, though the tobacco was of

brands commonly dealt in by merchants in that locality, and had upon it no marks to identify it as the property of Anthony, and though there was no affirmative evidence that the boxes used by the policemen in returning the tobacco to Anthony were found by them at Whatley's store, or that the cigars with Anthony's name on them, which were found by him at Whatley's store, were sold to or received by the latter from the appellant. There is no merit in the contention that the evidence adduced had no tendency to prove the guilt of the appellant of the charge made against him.

The suit between Whatley and Anthony in regard to some of the tobacco which was found in the former's store was a matter between parties having no legal connection with this case, and evidence as to the institution of that suit and the result of it was subject to the objections of the solicitor, which the court sustained. The facts of the institution of that suit and the result of it were not binding upon or provable against the parties to this prosecution. It was res inter alios acta. The appellant had the benefit of more evidence in reference to that matter than he was entitled to.

In the course of the examination of H. T. Benton as a witness for the defendant, he was handed a paper, to the introduction of which at that time the state objected, and the court sustained the objection. The paper was a certificate of the witness, as judge of probate, for the admission of the defendant to the state hospital for insane persons.—Code, § 859. Upon the witness stating that he passed on the application, the court permitted the paper to go to the jury "as proof in the case that the defendant was committed to the asylum." No exception was reserved to this ruling. So it appears that the court admitted in evidence the paper which previously had been excluded, and that no exception was

reserved by the defendant to the action of the court in
limiting the purpose for which that paper might be con-
sidered by the jury. · There is nothing in the record to
indicate that it was claimed in behalf of the defendant
that he was entitled to have that paper considered as
evidence for any other purpose than that mentioned by
the court in admitting it. If it was proposed to be
claimed that the paper could be looked to' for any other
purpose, such claim should have been made known to
the court, and for the court's ruling on it to be present-
ed for review on appeal it was necessary that an excep-
tion be reserved. This was not done, and no ruling of
the court in that connection is presented for review.
Whatever harm there may have been in excluding the
paper when it was first offered was cured by the subse-
quent admission of it in a manner of which no com-
plaint was made.

As applicable to the evidence in the case, which was
such that the jury might properly have found from it
that if the defendant had been insane at all his insanity
was occasional only, and not chronic or permanent,
charge 2 requested by him was misleading, if not affir-
matively erroneous, as it is only insanity of a chronic or
permanent nature which, on being proved, is presumed
to continue; there being no presumption that fitful and
exceptional attacks of insanity are continuous.—*Ford
v. State,* 71, Ala. 385; 16 Am. & Eng. Ency. of Law (2d
Ed.) 604. Besides, under the evidence in the case, if
the jury found from it that the defendant had been in-
sane, it was a question for them whether his unsound-
ness of mind was of the character required to constitute
a defense to a criminal charge; and on such evidence the
defendant was not entitled to have the jury instructed
in general terms to the effect that if they found from
the evidence beyond a reasonable doubt that the defend-

ant was insane prior to the commission of the offense they must find that he was insane at that time, unless they found from the evidence beyond a reasonable doubt that prior to that time he had been restored to sanity. Such an instruction would have put upon the jury the duty of making a finding that the defendant was insane, whether or not his unsoundness of mind was found to be such as to affect the question of his responsibility for the act with which he was criminally charged. The defendant was not entitled to an instruction to this effect. —*Parsons v. State,* 81 Ala. 577 2, South. 854, 60 Am. Rep. 193; *Beasley v. State,* 50 Ala. 149, 20 Am. Rep. 292. The court was not in error in refusing to give the charge mentioned.

We find no reversible error in the record.

Affirmed.