(101 So. 907)

## LEE et al. v. STATE.  (4 Div. 918.)

(Court of Appeals of Alabama.  Sept. 2, 1924. Rehearing Denied Oct. 28, 1924.)

**1. Larceny ⬤68(1)—Defendant's guilt vel non held for jury.**

Evidence *held* sufficient to take to jury question of defendant's guilt vel non of grand larceny.

**2. Larceny ⬤40(6)—That description of property stolen includes more than proof shows, no objection to indictment.**

Generally, particular kind of property specifically described in indictment for larceny must be proved as laid; but it is no objection that description is broad enough to include more than proof shows, if offense charged be proved.

**3. Larceny ⬤40(8)—Failure to prove larceny of bills of certain denominations described in indictment held not fatal variance.**

Failure to prove larceny of $2 and $1 bills *held* not fatal variance from indictment alleging larceny of such bills together with bills of other denominations.

**4. Larceny ⬤50—Evidence of defendant's attempt to borrow money day before theft held admissible.**

In larceny prosecution, evidence that defendant sought to borrow money from state's witness day before money was stolen *held* admissible to show motive.

**5. Larceny ⬤50—Evidence that defendant had no work, property, or income before theft held admissible.**

In larceny prosecution, testimony that defendant had not been working several months before money was stolen and had no property or income *held* relevant, in connection with testimony that he was well supplied with money immediately after larceny, to show need for money, motive for committing offense, and greater likelihood of guilt.

**6. Witnesses ⬤345(1)—That witness was in jail insufficient to impeach credibility.**

Mere fact that state's witness was in jail *held* insufficient to impeach his credibility.

**7. Witnesses ⬤350—Competent for state to ask nature of crime for which its witness was in jail.**

Fact that state's witness was in jail having been brought out by defendants, it was competent for state to ask nature of crime for which he was incarcerated.

**8. Criminal law ⬤696(7)—Motion to exclude entire answer, part of which was unresponsive, held properly denied.**

In larceny prosecution, motion to exclude state's witness's entire answer to question whether he was in jail for fighting, that he was in jail for fighting, but not for stealing, *held* properly denied, though latter part of answer was not responsive and may have been intended as insinuative thrust at defendants.

**9. Witnesses ⬤330(1)—Extent of cross-examination largely in trial court's discretion.**

Extent of cross-examination for purpose of testing correctness, fairness, and credibility of witnesses, must be left largely to trial court's sound discretion.

**10. Witnesses ⬤330(1)—Permitting question to defendant's witness on cross-examination held not abuse of discretion.**

Permitting question, on cross-examination of defendant's witness, "You have just got to be a witness since it got down here, is that right?" *held* not abuse of discretion.

**11. Criminal law ⬤1054(1)—Nothing for review in absence of exception to ruling sustaining objection to question.**

In absence of exception to ruling sustaining objection to question asked witness, no question is presented for review.

**12. Larceny ⬤43—Defendant's army service held immaterial.**

That defendant was in army during World War and fought in France *held* immaterial in larceny prosecution.

**13. Criminal law ⬤696(5)—Motion to strike responsive answer to which no objection interposed properly refused.**

Affirmative answer to question, to which no objection was interposed, "were you there after it was said that he was there?" being responsive, motion to strike was properly refused.

**14. Criminal law ⬤351(1)—That defendants offered no evidence on preliminary hearing immaterial and irrelevant.**

That defendants offered no evidence on preliminary hearing *held* immaterial and irrelevant.

**15. Criminal law ⬤811(5)—Charge held properly refused as singling out and giving undue prominence to certain testimony.**

Charge that, unless jury believed evidence of certain witnesses beyond all reasonable doubt, they should find defendants not guilty, *held* properly refused as singling out and giving undue prominence to particular testimony.

**16. Criminal law ⬤763, 764(3, 4)—Charge that there was no evidence that any money in defendant's possession was stolen properly refused.**

Charge, in larceny prosecution, that, there was no evidence that any money alleged to have been in defendant's possession was stolen, *held* properly refused as invading jury's province.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Johnnie Lee and Jule Kelly were convicted of grand larceny, and they appeal.  Affirmed.

Certiorari denied by Supreme Court in Ex parte Lee et al., 212 Ala. 135, 101 So. 909.

These charges were refused to the defendants:

"G. Unless you believe the evidence of A. J. Gomillion and Jesse Rogers beyond all reason-

able doubts, you should find the defendants not guilty."

"H. There is no evidence in this case that any of the money alleged to have been in the possession of the defendants, or either of them, was stolen."

Powell, Albritton & Albritton, of Andalusia, for appellants.

Counsel insist for error in rulings on the admission of evidence and cite Duvall v. State, 63 Ala. 12; · Wells v. State, 88 Ala. 239, 7 So. 272; James v. State, 115 Ala. 86, 22 So. 565; Terry v. State, 118, Ala. 87, 23 So. 776; Hinktom v. State, 9 Ala. App. 27, 64 So. 193; Butler v. State, 17 Ala. App. 511, 85 So. 864; Martin v. State, 104 Ala. 71, 16 So. 82; Fonville v. State, 91 Ala. 42, ·8 ,So. 688; Sims v. State, 146 Ala. 118, 41 So. 413.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Evidence tending to show motive was admissible. 1 Mayfield's Dig. 646. A witness may not be impeached, except for conviction of a crime involving moral turpitude. Nalls v. State, 19 Ala. App. 146, 95 So. 591. Failure to prove larceny of all the property described did not constitute a variance. Bates v. State, 152 Ala. 77, 44 So. 695; State v. Murphy, 6 Ala. 846.

FOSTER,· J. Defendants were jointly indicted and convicted of grand larceny and sentenced to the penitentiary for a term of from three to five years.

[1] The evidence on the part of the state tended to show that one A. J. Gomillion was the owner of the money alleged to have been stolen. The evidence as to the actual commission of the offense was circumstantial; it being shown by the state that defendants were at Gomillion's store a short time before the money was missed, that they were seen in the store while the owner was asleep on the porch, that no one else but the defendants had been in the store since the money had last been seen except the owner and his clerk, and that after the money was missed both of the defendants were seen with considerable money in their possession. The evidence for the state further tended to show that one of the defendants, Johnnie Lee, was without money the day before the money was missed.

The evidence for defendants consisted chiefly of denials of material evidence for the state and of efforts to impeach witnesses for the state.

The evidence was sufficient to submit to the jury the question of guilt vel non of each of the defendants, and the general affirmative charge was properly refused. Frost v. State, 124 Ala. 85, 27 So. 251; Burrage v. State, 113 Ala. 108, 21 So. 213.

Appellants' counsel earnestly insist that there was a material variance in the allegations of the indictment and the proof. The first count of the indictment was eliminated by the charge of the court. The remaining count charged the defendants with the larceny of, "to wit, $405, consisting of $20 bills, $10 bills, $5 bills, $2 bills, and $1 bills." The evidence for the state showed that the money alleged to have been stolen consisted of $20 bills, $10 bills, and $5 bills; but there were no $2 bills or $1 bills stolen.

[2, 3] As a general rule where a particular kind of property is specifically described in an indictment, it must be proved as laid. However, it is no valid objection that the description of the property alleged to have been stolen is broad enough to include more than the proof shows, provided the proof shows a commission of the offense charged. The evidence in the instant case showed the larceny of about $405, consisting of $20 bills, $10 bills, and $5 bills, and the failure to prove the larceny of $2 bills. and $1 bills did not constitute a fatal variance between the allegations and the proof. Bates v. State, 152 Ala. 77, 44 So. 695; State v. Murphy, 6 Ala. 846.

[4] It was competent for the state to show that one of the defendants sought to borrow money from a state's witness the day before the money was stolen. Such evidence, though weak and inconclusive, was admissible to show a motive of the defendant for the commission of the offense. Woods v. State, 76 Ala. 35, 52 Am. Rep. 315; Marler v. State, 67 Ala. 55, 42 Am. Rep. 95; McAdory v. State, 62 Ala. 154.

[5] It was competent for the state to show by the witness that the defendant Johnnie Lee had not been working for several months prior to the time the money was said to have been stolen, and that he had no property or income. This testimony in connection, with that of other witnesses that defendant was well supplied with money immediately after the larceny was said to have taken place, was relevant for the purpose of showing a need for the money, a motive for the commission of the offense, and a greater likelihood of defendant having committed the offense if he had the opportunity to do so. Martin v. State, 104 Ala. 71, 16 So. 82.

[6-8] On cross-examination of J. D. Curry, a witness for the state, the fact was brought out by the defendant that the witness was in the county jail. On redirect examination he was asked, "You are in jail for fighting, are you?" He answered, ";Yes, I am in jail for fighting, but I am not in jail for stealing." The defendant's motion to exclude the answer was overruled and an exception reserved. The mere fact that he was in jail was not sufficient to impeach his credibility as a witness. However, this fact was brought out by the defendants, and it was competent for the state to ask the nature of the crime for which the witness was incarcerated. Williams v. State, 103 Ala. 33, 15 So. 662; Gibson v. State, 91 Ala. 64, 9 So. 171; Swope v. State, 4 Ala. App. 83, 58 So.

809. The latter part of the answer was not responsive to the question and may have been intended as an insinuative thrust at the defendants. However, the motion to exclude was directed to the entire answer, a part of which was admissible, and there was no error in refusing to exclude the whole.

[9, 10] Dock Odom, a witness for the defendant, was asked on cross-examination, "You have just got to be a witness since it got down here, is that right?" The witness answered, "I reckon so." No specific grounds of objection were assigned. It has been repeatedly held that the extent to which cross-examination may go for the purpose of testing the correctness, fairness, and credibility of the witness must be left largely to the sound discretion of the trial court. There was no abuse of its discretion by the trial court in permitting the question. Hall v. State, 40 Ala. 698; Sanford v. State, 2 Ala. App. 81, 57 So. 134; Treadwell v. State, 168 Ala. 96, 53 So. 290.

[11] No exception was reserved to the ruling of the court sustaining the state's objection to the question asked Labe Odom, a witness for defendant, "They got word to you, didn't they, last night?" and no question is presented here for review. Austin v. State, 145 Ala. 37, 40 So. 989; Coker v. State, 147 Ala. 701, 41 So. 303.[1]

[12] It was not material to any issue in the case that the defendant Johnnie Lee was in the army during the World War and that he fought in France.

[13] Thad Gomillion, a witness for the state, was asked, "Were you there after it was said that he was there?" He replied, "Yes sir." The answer was responsive to the question to which no objection was interposed and the court did not err in overruling the motion to exclude the answer. Dowling v. State, 151 Ala. 131, 44 So. 403; Bone v. State, 8 Ala. App. 59, 62 So. 455.

[14] The fact that defendants had not offered any evidence on their preliminary hearing was immaterial and irrelevant to any issue in the case.

[15] Charge G singles out and gives undue prominence to particular testimony and was properly refused.

[16] Charge H is invasive of the province of the jury.

There is no error in the record, and the judgment of the circuit court is affirmed.

Affirmed.

