(113 So. 465)

## CULBREATH v. STATE. (8 Div. 608.)

Court of Appeals of Alabama. June 30, 1927.

Almon & Almon, of Albany, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

No briefs reached the Reporter.

SAMFORD, J. The evidence discloses a burglary committed on the storehouse of Bowling & Son about December 17th. There was about $700 worth of merchandise taken, consisting of various articles, some of which bore the private mark of Bowling & Son. Defendant was seen going in the direction of the store on the evening before the burglary in an empty wagon and going away from the store early in the morning afterwards, with his wagon loaded. Some of the stolen goods were found and identified in the possession of defendant about January 15th, following. There were some other slight circumstances tending to connect defendant with the crime. The defendant insists that he is entitled to the affirmative charge. The corpus delicti is proven without dispute and the evidence is sufficient to warrant the jury in finding that defendant was the guilty agent. Cogbill v. State, 8 Ala. App. 223, 62 So. 406.

Evidence offered by defendant that he had been in the United States navy, had

crossed the ocean 16 times, and been honorably discharged, was immaterial and irrelevant. Rulings of the court in sustaining the state's demurrer to defendant's plea were free from error.

Motion was made to quash the indictment because: (1) The grand jury sent for defendant and brought him before it with handcuffs on him and required him to be sworn and make a statement in reference to his case. (2) There were other persons before the grand jury besides the solicitor and members of the grand jury, while defendant was making his statement. (3) That a deputy sheriff was present in the grand jury room while the case of defendant was being investigated. (4) The defendant was required to give evidence incriminating himself against his will about the offense for which he was indicted. (5) Defendant testified before the grand jury about the offense for which he was indicted and under duress, in that, he was brought before the grand jury by a deputy sheriff, handcuffed, and the deputy remained in the grand jury room without authority of law during the examination of defendant regarding the facts of the crime with which defendant was charged. This motion was stricken on motion of the solicitor.

The motion to quash was the proper remedy. Joyner v. State, 78 Ala. 448; Sparrenberger v. State, 53 Ala. 481, 25 Am. Rep. 643. The authorities of other states are unanimous in holding that, where a defendant has been required to attend before a grand jury and has made a statement in answer to their interrogatories touching the crime charged against him, even after being cautioned by the prosecuting attorney as to answering, the indictment found against said defendant by such grand jury will be quashed, because of an invasion of defendant's constitutional rights which protects him from being compelled to give evidence against himself. People v. Singer, 5 N. Y. Cr. R. 1; United States v. Edgerton (D. C.) 80 F. 374; People v. Haines (Gen. Sess.) 1 N. Y. S. 55; Boone v. State, 148 Ill. 440, 36 N. E. 99; State v. Gardner, 88 Minn. 130, 92 N. W. 529.

As to whether the indictment should be quashed on account of the presence of the deputy sheriff during the examination of defendant by the grand jury is not quite so well and clearly determined, but no deputy sheriff should be permitted in the grand jury room during the examination of witnesses. Such practice would be pregnant with great danger to the rights and liberties of persons charged with crime. We therefore hold, in line with other courts, that the presence of the deputy sheriff during the examination of defendant by the grand jury touching the crime with which defendant is here charged invalidates the indictment and renders it subject to the motion to quash. United States v. Edgerton (D. C.) 80 F. 374.

For the error in striking the motion of defendant to quash the indictment, the judgment is reversed, and the cause is remanded.

Reversed and remanded.