ST. PAUL, J.
 

 The appellant was convicted of murder without capital punishment. His appeal presents a number of bills of exception.
 

 I.
 

 He moved to quash the indictment on the ground that during the taking of testimony before the grand jury a stenographer was present to take down same in writing. This stenographer left the grand jury room with the district attorney after the testimony had been heard, and was not present during the deliberations of the grand jury. We are .of opinion that the mere presence in the grand jury room of a stenographer, who confined himself to the taking down of the testimony of the witnesses in the presence of the grand jury and district attorney, and retired with the district attorney before the grand jury began its deliberations, was no more prejudicial to the accused than if that same testimony had been recorded on a phonograph or other mechanical device; and, surely,
 
 that
 
 would not prejudice the accused or suffice to vitiate the finding of the grand jury. State v. Watson, 34 La. Ann. 669, is based upon the theory that the appointment of a “elerfc” to the grand jury, unauthorized by law, was the introduction of an outsider into the
 
 deliberations
 
 of the grand jury, since such person might come and go at his will, “virtually as one of themselves.” The present ease stands on an entirely different basis; the stenographer was there merely to record the testimony taken in the presence of the district attorney, to the end of preserving the same; and his presence was no more prejudicial to the accused than the presence of an interpreter would have been. Cf. State v. Firmatura, 121 La. 676, 46 So. 691. The motion to quash was properly' overruled.
 

 IL
 

 The trial judge properly refused a continuance for the purpose of considering a motion for change of venue, because (1) it was a matter within his discretion, (2) the application for change of venue did not contain an affidavit that it had been made as soon as it
 
 *721
 
 could be discovered that prejudice existed against the accused, and (3) because the event shows that the application was frivolous, since a jury was readily chosen without the accused having exhausted his peremptory challenges. Rev. St. 1870, § 1022.
 

 III.
 

 Bill No. 7 is well founded. Wylie Champagne, a son of the deceased, was asked to •repeat a discussion between the deceased and the accused, which immediately preceded the killing. He admitted that he had not heard (or understood) the whole conversation. The state objected to his relating that part of the discussion which he had heard (and understood) ; and the objection was sustained.
 

 Of course, this discussion, as part of the res gestse and as showing the circumstances under which the killing occurred, was highly important to the accused, even if it served only to show that the killing occurred in the heat of passion.
 

 The ruling was erroneous. “A witness need not have heard the entire conversation, but may testify to the part he has heard.” State v. Freddy, 117 La. 121, 41 So. 436, 116 Am. St. Rep. 195, and authorities cited; State v. Foster, 153 La. 154, 95 So. 536, and authorities.
 

 IV.
 

 The other bills of exception No. 5 and 6, and Nos. 8 to 15, are all frivolous. They were mostly attempts to drag into the case the details of political conditions in the parish, which could hare no bearing on this case. They also involved the relevancy of partieu'lar questions put to witnesses, and whether some questions put on cross-examination by the state related to matters which had been brought out in chief by the defense; as to all of which the trial judge was in a much better position to rule than we are.
 

 All such bills as these are a sheer waste of time, besides imposing an impossible task upon this court. The ruling of a trial judge on matters relating to the relevancy and competence of evidence will not be disturbed unless the appellant show clearly and succinctly not only that such rulings were manifestly erroneous, but also that they resulted in manifest prejudice to the cause of the accused. When such conditions are shown, this court will promptly overrule the trial judge; otherwise not so. Cf. par. III, supra.
 

 For “a criminal prosecution is more than a [mere] game in which the government [or state] may be checkmated and the game lost merely because its officers have not played [strictly] according to rule.” McGuire v. United States, 273 U. S. 95, 47 S. Ct. 259, 71 L. Ed. 556.
 

 In other words, an accused is entitled at the hands of this court, and of every court, to a full measure of protection for all his substantial rights; but he is not entitled to anything more, and especially he is not entitled to complain of every trivial error committed by the trial judge or by the prosecuting attorney, when the record as a whole shows that he has had the benefit of a full and fair trial.
 

 Decree.
 

 The verdict and sentence herein are therefore annulled, and it is now ordered that the case be remanded to the court below for a new trial according to law.