The judgment appealed from is correct, and is affirmed.

(116 So. 579)

No. 29085.

## STATE v. MURPHY.

March 12, 1928. Rehearing Denied April 9, 1928.

Overton & Hunter, of Alexandria, for appellant.

Percy Saint, Atty. Gen., and Cleveland Dear, Dist. Atty., of Alexandria, and E. R. Schowalter, Asst. Atty. Gen., for the State.

ST. PAUL, J. The defendant was convicted of stealing cattle. His appeal presents twelve bills of exception.

Bill No. 1 was reserved to the overruling of a motion to quash the indictment on

the ground that it was not signed by the district attorney. The bill is without merit. "There is no law in this state requiring the district attorney to sign a bill of indictment." State v. Crenshaw, 45 La. Ann. 496, 12 So. 628.

▮ Bills Nos. 2, 3, and 4 relate to the relevancy of certain testimony offered by the state and admitted by the court over the objection of the defendant. The bills do not show that the testimony was manifestly irrelevant, or if irrelevant that it was manifestly prejudicial to the defendant. In matters relating to the relevancy and competence of particular testimony in any given case, the trial judge is clearly in a better position to rule correctly than is an appellate court; and his rulings on the admissibility and competence of such testimony will not be disturbed unless the appellant show clearly and succinctly not only that such rulings were manifestly erroneous, but also that said evidence was manifestly prejudicial to the accused. State v. Louviere, No. 29017, 115 So. 914.[1]

▮ Bills Nos. 5, 6, 7, 8, and 9 all relate to the admission of certain testimony offered by the state as *rebuttal* testimony, over the objection of the defendant that said testimony was *not in rebuttal* of any evidence offered by the defendant, but was substantive, independent evidence which should have been offered in chief.

The trial judge says that the evidence *was* rebuttal testimony; and the bills not only *do not show* that this testimony was not rebuttal, but on the contrary, they show that it was offered solely to contradict the testimony given on behalf of the defendant.

▮ Bill No. 10 was taken to certain remarks of the district attorney as improper, to wit, as bringing before the jury the character of the accused which had not been put at issue.

[1] 165 La. 718.

The trial judge says that the remarks of the district attorney were made "in reply to the argument of counsel for the defendant that the state had never attempted to attack the good character of the accused"; but that in any event, the court had on its own motion, both at the time and in its general charge, instructed the jury to disregard said remarks.

▮ Bill No. 11 also relates to remarks made by the *district attorney not supported by the* evidence. The trial judge says that the remarks were of slight import, that he had just instructed the jury not to consider any remarks not supported by the evidence, that no special instructions were asked in this instance, and that he repeated his instructions to the jury in his general charge.

▮ Bill No. 12 was reserved to the overruling of a motion for a new trial on the ground that the verdict was contrary to the evidence, and presents nothing for the consideration of this court.

Decree.

The judgment appealed from is therefore affirmed.

OVERTON, J., recused.