147 So. 645

## FRICKS v. STATE.
### 6 Div. 279.

Court of Appeals of Alabama.
Jan. 17, 1933.

Rehearing Denied Feb. 7, 1933.

Henry D. Jones and F. S. Parnell, both of Florence, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Mullins, Pointer & Deramus and Luther Patrick, all of Birmingham, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

RICE, Judge.

Appellant was convicted of the offense denounced by Code 1923, § 3409—making false entry on books or accounts of bank, etc.

■ Upon the hearing of appellant's motion to quash the indictment, etc., the following were agreed to be the facts:

"That Earl L. Fricks, the defendant named in said indictment, testified before the grand jury which returned said indictment.

"And that the said Earl L. Fricks was cautioned before he was examined as to his rights; that he was advised that he did not have to testify and could not be required to do so; that he was told under the constitution he couldn't be required to answer questions; he was being investigated himself and any questions asked and answers made would have to be made of his own free will and accord; he didn't have to answer unless he wanted to, and any answer that he gave could be used for or against him in any future trial of these cases.

"And that after the above caution, the defendant Earl L. Fricks stated he was willing to testify."

The learned trial judge overruled and denied said motion to quash, etc. And we think properly so.

True, as expounded by this court in the opinion in the case of Thompson v. State, 24 Ala. App. 300, 134 So. 679, "the Constitution expressly provides [that] in all criminal prosecutions the accused shall not be compelled to give evidence against himself. Article 1, § 6, Const. 1901." And that "this strict inhibition of the fundamental law should never be disregarded; its humane provision is manifest, and every person charged with the enforcement of law, in any capacity, should, with meticulous care, refrain from any official act tending to render nugatory and meaningless this mandatory provision."

But we think, and hold, that, as for aught appearing on said above-quoted agreed statement of facts, which is all the evidence there was adduced upon the hearing of said motion to quash, etc., this constitutional right of appellant's was not impinged.

As remarked, and held, likewise by this court, in the opinion in the case of Hicks v. State, 24 Ala. App. 430, 136 So. 278, upon a question similar to the one under discussion, there was no evidence that defendant's presence and testimony in the grand jury was other than voluntary, and the motion to quash, etc., was overruled without error. And see Burt v. State, 20 Ala. App. 296, 101 So. 768. There is no evidence here that appellant was even "required" to appear before the grand jury; nor that he was "required" to testify. Hence the holding in the case of Culbreath v. State, 22 Ala. App. 143, 113 So. 465, does not apply.

The evidence tending positively to show appellant's guilt was undisputed. If the jury believed same beyond a reasonable doubt, they could not, lawfully, have done otherwise than convict him.

The punishment—imprisonment in the penitentiary for an indeterminate term of from eight to ten years—was imposed by the court.

■ Therefore, while we do not mean to intimate that there was error in any ruling other than the one hereinabove discussed, it is clear to us that—granting that there *was*—no prejudice resulted to appellant. Hence no reversal would be predicated thereon. Supreme Court Rule 45.

The judgment of conviction is affirmed.

Affirmed.