54 So.2d 89

**AGNEW v. STATE.**

6 Div. 235.

Court of Appeals of Alabama.
Aug. 2, 1951.

Rehearing Denied Aug. 28, 1951.

Alex Smith, Jr., and David McKay Enslen, Fayette, for appellant.

Si Garrett, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant, a negro man, was jointly indicted with Vena Mae Pendley, a white woman, for the offense of miscegenation.

A severance was granted in the court below, and this appellant's trial resulted in a verdict and judgment of guilty.

The evidence presented by the State in the trial below tended to show that the appellant and his wife lived in close proximity to Vena Mae Pendley and her husband. The Pendley family obtained water from appellant's well.

Numerous State witnesses testified that on various occasions in the fall of 1949 and spring of 1950 they had seen the appellant at Vena Mae Pendley's house, and on several occasions both were seen in her bedroom, though no witness testified to witnessing any actual misconduct between the two. For a part of this time at least, the Pendley woman and her husband were separated.

The State's evidence further tended to show that in the fall of 1950 Vena Mae Pendley was delivered of a child possessing negroid characteristics, and which, in the opinion of two medical witnesses who had examined the child, was of part negro blood.

Over the appellant's objection there was also introduced, after evidence tending to establish the proper predicate of voluntariness, a statement made by the appellant to law enforcement officers to the effect that he had had intercourse with the Pendley woman. At first the appellant claimed he had had such relations only once, but later stated he would not want to say how many times as he did not know.

Counsel for appellant argues strenuously that the court erred in admitting the confessory statements of the appellant for the reason that no corpus delicti had been sufficiently established to permit its admission.

Except for its racial feature, the constituent elements of miscegenation are the same as those of the offense of adultery. Fields v. State, 24 Ala.App. 193, 132 So. 605. The constituent elements of adultery are now too well understood to require further discussion here.

The evidence for the State shows rather frequent association between the appellant and Vena Mae Pendley, though no actual misconduct was observed during these meetings. The State's evidence also tended to show that the Pendley woman gave birth to a child of negro blood. Though inconclusive in and of themselves, these facts and circumstances were in our opinion sufficient prima facie to show the corpus delicti. Particularly in view of the nature of the offense charged, which is rarely actually seen, but must, because of its usual secret and devious character, of necessity be established by circumstantial evidence. The court therefore did not err in admitting the confessory statements of the appellant.

It is the further settled law of this State that inconclusive facts and circumstances tending prima facie to show the corpus delicti may be aided by the admissions or confession of the accused so as to satisfy the jury beyond a reasonable doubt, and so support a conviction, although such facts, and circumstances, standing alone, would not thus satisfy the jury of the existence of the corpus delicti. Hill v. State, 207 Ala. 444, 93 So. 460, and cases therein cited.

The defense introduced a number of witnesses who had seen and observed the child of Vena Mae Pendley who testified that in their opinion the child was white. Several of Vena Mae Pendley's older relatives testified that a number of her relatives were dark complexioned due to Indian blood, and that Vena Mae herself was either one eighth or one sixteenth Indian.

On the basis of this showing of part Indian ancestry of the Pendley woman appellant's counsel argues that she must be

classed as an Indian, and that therefore our miscegenation statute, applicable only to those of the white and negro races, does not apply under such facts.

Counsel contends that since under our Statute, Section 2, Title 1, Code of Alabama 1940, the word "negro" includes mulatto, and "mulatto" means "a person of mixed blood descended on the part of the father or mother from negro ancestors, without reference to or limit of time or number of generations removed," by analogy a person who is part Indian should be considered as of the Indian race, and therefore not subject to the operation of our miscegenation statute.

This contention is without merit. Our miscegenation statute is of course penal in nature. Likewise Section 2, Title 1, defining "negro," is in derogation of the common law. Both statutes must therefore be strictly construed, and neither, under elemental rules of statutory construction can be broadened by analogical extension.

In addition to the testimony of the lay witnesses, that in their opinion the child was a white child, the appellant also testified in his own behalf. He denied having had relations with Vena Mae Pendley. He likewise gave testimony denying the voluntariness of his alleged confessory statement.

All of the above only raised a question of fact solely within the province of the jury to resolve.

After both sides had rested, the Solicitor then introduced in evidence a certified copy of a petition filed in the Juvenile Court of Fayette County by Vena Mae Pendley, and the judgment rendered on said petition.

The petition sought to have the child in question made a ward of the State, and contains the following statement: "Petitioner further says that the father of said child is a negro and she cannot provide a normal life for him."

The judgment awarding the custody of the child to the State also contains a statement to the effect that the child was of the negro race.

In admitting this evidence the court stated it was being admitted solely to show what disposition had been made of the child, since there had been considerable testimony as to the disposition of the child.

The court was referring to the testimony of an employee of the Child Welfare Department to the effect that she had taken the child to Montgomery, after it had been made a ward of the State; and that under such circumstances a child, after certain psychological tests is put up for adoption and its whereabouts is thereafter confidential, and in fact unknown to the field workers of the department.

Vena Mae Pendley had claimed her privilege of not testifying in this case, since she was under indictment for the same offense.

One of the disputed issues of this case was whether the Pendley child was white or negro. The State could only introduce competent evidence in its effort to establish this fact.

The petition and judgment introduced was in an entirely different proceedings; the appellant was not a party, the rules of procedure, and the burden of proof in the ex parte proceedings in the Juvenile Court were not the same as in this criminal prosecution.

The Juvenile Court proceedings were clearly res inter alios acta of the present criminal prosecution. Cogbill v. State, 8 Ala.App. 223, 62 So. 406. See also Helms v. State, 35 Ala.App. 187, 45 So.2d 170. The prejudicial effect of these exhibits is, we think, obvious.

Their admission into evidence was erroneous.

Nor can we see that these exhibits in anywise met the purpose for which they were admitted by the court. The undisputed evidence had already shown that the child had been made a ward of the State. These exhibits in nowise threw any additional light on this undisputed fact, nor did they tend to show the present whereabouts of the child.

Other points are argued in appellant's brief. These are not likely to arise at another trial. We therefore reserve consid-

eration of these points, being clear to the conclusion that the error above pointed out necessitates a reversal of this cause.

Reversed and remanded.