332

55 So.2d 517

## KELLAM v. STATE.
### 2 Div. 830.

Court of Appeals of Alabama.
Dec. 4, 1951.

L. Y. Sadler, Jr., Camden, for appellant.

Si Garrett, Atty. Gen., Robt. Straub, Asst. Atty. Gen. (Robt. P. Bradley, Montgomery, of counsel), for the State.

PRICE, Judge.

Defendant was convicted of robbery and sentenced to the penitentiary for a term of twelve years. From the judgment of conviction and the action of the court in overruling the motion for a new trial, this appeal is prosecuted.

The evidence for the State tends to show that appellant and John Tregoning, Jr., were in Gregory's store two miles from Camden, when Chester Gregory, the store manager, gave his brother, the owner of the store, a considerable sum of money to put in the cash register. The two men left and returned to the store in a few minutes. Shortly thereafter, at a signal from Tregoning, appellant went outside and filled his gas tank from Gregory's pump, keeping the automobile engine running.

During this time, Tregoning took, at gun point, more than $600 from the cash register. Included in the sum taken was 50 $10 bills still in the original bank wrapper.

When appellant had finished filling the automobile tank he blew the horn and Tregoning jumped in the car and they drove away. They were apprehended by the highway patrol and after a short chase drove off the highway into the driveway of a residence. Appellant jumped from the car and ran into the woods. He returned in a few minutes and gave himself up,

saying to the officers that Tregoning had all the money and he didn't have any and he got lost in the woods.

The officers testified Tregoning had $610 when arrested, including a wrapped package of 50 $10 bills. They also testified to statements by the defendant that he and Tregoning planned the robbery.

Appellant's testimony was to the effect that he and Tregoning were in the service of the United States Army Air Force, stationed at Keesler Air Force Base. On the previous Saturday night they saw each other at a dance at Pascagoula. Tregoning was en route to his home in Boston. Appellant agreed to drive him as far as he could and get back in time for work Monday. They left Moss Point, Mississippi Sunday and reached Camden around 11:00 o'clock that night. Appellant was to get gas at Camden and turn back toward Keesler Field and Tregoning was to hitch hike to Boston. Finding all service stations closed at Camden, they decided to drive as far as possible on the gas they had and appellant would report at Maxwell Field.

They slept in the car at Gregory's and when the store was opened, went inside to get warm. They then started back to Camden for food and stopped at a service station. When something was said about buying gas Tregoning said he only had $4 and would need that for food while hitch hiking. Appellant had no money. Tregoning then agreed to put $4 worth of gas in the car at Gregory's and they drove back to the store and both went inside.

Appellant admitted that he left the car engine running while filling his gas tank, but said he didn't remember whether he blew the horn. He testified that Tregoning jumped down the steps and said, "Let's get to hell moving," and that he drove away when Chester Gregory appeared at the door and began shooting.

Appellant denied that the robbery was planned. He admitted making the confessions to the officers but said they told him it would be better for him to talk.

Appellant's counsel filed no brief in his behalf, but we have carefully considered the record and the questions presented for review, as required by law.

Few exceptions were reserved to the rulings of the court on the admission of testimony, only two of which merit discussion in this opinion:

John C. Tregoning, Jr., under indictment in Wilcox County for this same offense, took the stand to testify for defendant. After the court advised him of his constitutional rights he elected to claim his privilege against self-incrimination, and refused to testify.

Defendant then sought to introduce in evidence Tregoning's written declaration as to the commission of the robbery. The court's refusal to permit the introduction of the admission or confession was without error. McGehee v. State, 171 Ala. 19, 55 So. 159; Levison v. State, 54 Ala. 520, 162 A.L.R. 451; Smith v. State, 9 Ala. 990; McDonald v. State, 165 Ala. 85, 51 So. 629.

It was irrelevant and immaterial whether appellant was drafted or volunteered for service with the United States Air Force. The State's objection to this question to defendant was properly sustained. Lee v. State, 20 Ala.App. 334, 101 So. 907; Culbreath v. State, 22 Ala. App. 143, 113 So. 465; Cox v. State, 33 Ala.App. 192, 31 So.2d 378.

The fact of the actual robbery was well established, and the evidence was sufficient upon which the jury could find there was a prearrangement between defendant and Tregoning to commit the crime and that defendant knowingly aided and assisted in the perpetration of the robbery by filling the tank, keeping the engine running, by signaling Tregoning that the automobile was in readiness for escape, and in driving the car from the scene of the crime. Cost v. State, 30 Ala.App. 182, 2 So.2d 466; Section 14, Title 14, Code 1940. The motion for a new trial was properly refused.

The court gave to the jury a full and fair oral charge, covering every phase of the law involved in the case. No special instructions were requested by defendant.

334

There being no error in the record, the judgment of conviction is ordered affirmed.

Affirmed.