McCALEB, Justice
(dissenting).
The majority opinion in this case is not only admittedly contrary to the prevailing view throughout this country on the question of the effect of the legality of grand jury proceedings when persons, other than the grand jurors, are present in the grand jury room — it is in discord with previous holdings of this Court, which are not mentioned in the opinion.
For my part, I see no merit in the contention that, because Officer Stevens operated the “Soundscriber” machine, which recorded appellee’s testimony before the grand jury, and later made a typed transcript of the testimony from this recording, he was an unauthorized person in the grand jury room within the meaning of the law or that his presence, if unauthorized, is a sufficient predicate for vitiating the indictment.
The two statutes pertinent to this case are R.S. 15:19 and 15:215. R.S. 15:19 forbids the presence of persons, other than members of the grand jury, during the deliberations of the grand jury on their findings. However, R.S. 15:215, after declaring that the sessions of the grand jury shall be secret, provides that the district attorney “shall have free access to said sessions; * * * ” and “ * * * may cause the testimony taken before the grand jury to be reported by a stenographer who must be first sworn by the foreman of the grand jury; * * * ”.
In my view, Stevens was nothing more nor less than a reporter of the grand jury proceedings and, as such, came within the purview of the statute. It is clear that the statute, while declaratory of secrecy in grand jury proceedings, specifically recognizes the necessity and desirability of an accurate report of such proceedings which remains available to the proper lawful enforcement officers and, to this end, it was provided that the testimony be reported by a stenographer, who shall be sworn to secrecy. But, in stating that the testimony should be reported by a stenographer, the Legislature was merely indicating the type of person who, during 1928 when the Code of Criminal Procedure was originally enacted, usually reported court proceedings. This provision is descriptive and it strikes me as unreasonable to conclude that the word “stenographer”, as written in the Act, was intended to apply only to persons who write shorthand and that, if the person used to report the testimony did so in longhand or by stenotype or by recording machine, as in this case, the entire proceedings of the grand jury would be void.
R.S. 15:215 is declaratory of the preservation of secret sessions by the grand *211 jury. Since Stevens was sworn to secrecy, there was no violation of the stated principle in this case. Nor is it shown that he did anything in the jury room other than act as reporter of the proceedings. In these circumstances, it appears to me that the ruling that Stevens’ presence in the grand jury room was unauthorized and that the sessions of the grand jury are thereby void is founded on an interpretation of the statute, which is not warranted in the light of the purpose of its enactment.
This Court in the past has not regarded an irregularity in grand jury sessions, if the one at bar can be classed as an irregularity, to be destructive of the validity of the proceedings. On the contrary, in State v. Firmatura, 121 La. 676, 46 So. 691, where a motion to quash the indictment was predicated on the fact that a deputy sheriff named Tony Patillo, who acted as interpreter for the grand jury, was also a witness and had taken an active part in the investigation of the case, the court found that, since there was no evidence that the accused was in anywise prejudiced by any of the irregularities charged and since said interpreter did not participate or attempt to participate in the deliberations of the grand jury, the motion was without merit.
In State v. Louviere, 165 La. 718, 115 So. 914, which was also decided prior to the enactment of the Code of Criminal Procedure (from which R.S. 15:215 has been adopted), the motion to quash the indictment was based on the presence in the grand jury room of a stenographer who reported the testimony taken before the grand jury. The Court held that the motion was not well foundéd because the stenographer left the grand jury room prior to the deliberations of the grand jury. In that case, the decision in State v. Watson, 34 La.Ann. 699 (which is cited in the majority opinion herein), was distinguished on the ground that, in the Watson case, an unauthorized clerk to the grand jury had access not only to the proceedings but to the deliberations of the grand jury. The Court said:
“We are of opinion that the mere presence in the grand jury room of a stenographer who confined himself to the taking down of the testimony of the witnesses in the presence of the grand jury and district attorney, and retired with the district attorney before the grand jury began its deliberations, was no more prejudicial to the accused than if the same testimony had been recorded on a phonograph or other mechanical device ; and, surely, that would not prejudice the accused or suffice to vitiate the finding of the grand jury.”
The foregoing quotation, in my opinion, fits this case and should control the decision.
I respectfully dissent.