296 So.2d 784

In re STATE of Alabama ex rel. William J. BAXLEY, as Attorney General

v.

Hon. Cecil H. STRAWBRIDGE, Circuit Judge.

Ex parte Cecil H. STRAWBRIDGE, as Judge of the Circuit Court of Lamar County, Alabama.

SC 849.

Supreme Court of Alabama.

June 20, 1974.

James K. Davis, Hamilton, Zeanah, Donald, Lee & Williams and Wilbor J. Hust, Jr., Tuscaloosa, for petitioner.

No brief for respondent.

HARWOOD, Justice.

■ We are in accord with the result reached in this proceeding by the Court of Criminal Appeals, 52 Ala.App. 685, 296 So.2d 779.

For the sake of clarifying our denial of this pettion for writ of certiorari, we wish to make the following observations.

The case of State v. Revere, 232 La. 184, 94 So.2d 25, so strongly relied on by the petitioner Strawbridge is inapposite. This for the reason that in *Revere* the party present in the grand jury room and operating the recording device was an investigator in the District Attorney's office. In the present case the District Attorney, who had full statutory authority to be with the grand jury at the time, and who departed before the grand jury began its deliberations, operated the recording device himself.

Even so, the dissent in *Revere* points out that the conclusion reached by the majority is contrary to the prevailing view throughout the country. The dissent also observes that the presence of the operator of the recording device, who departed with the District Attorney before the grand jury began its deliberations "was no more prejudicial to the accused than if the same testimony had been recorded on a phonograph or other mechanical device; and surely that would not prejudice the accused or

suffice to vitiate the finding of the grand jury." The statement quoted in dissent as set out immediately above, was quoted from the earlier Louisiana case of State v. Louviere, 165 La. 718, 115 So. 914.

■ Even had a stenographer been present, and retired from the presence of the grand jury before it began its deliberations, no error to reverse would have resulted in the absence of a showing of prejudice to the accused. As stated in an annotation to be found in 4 A.L.R.2d at page 395, amply supported by authorities from some twelve of our sister states:

"The prevailing view, apart from statutes expressly affecting the question, is that the presence of an unauthorized person during grand jury proceedings, is, at most, a mere irregularity, not sufficient to constitute a ground for setting aside the indictment returned by the grand jury, unless prejudice to the accused is shown. This view is supported by the following cases: * * *" (Numerous citations omitted.)

In accord with the above stated doctrine is our case of Rush v. State, 253 Ala. 537, 45 So.2d 761, and Alabama cases cited therein.

As before stated, however, no other person was before the grand jury in the present case other than the District Attorney who himself operated the recording device.

In Culbreath v. State, 22 Ala.App. 143, 113 So. 465, also relied on by the petitioner, the basis of the reversal was that the accused himself had been called before the grand jury. Apparently, a deputy sheriff accompanied the accused at the time he was before the grand jury. The court further held that under these circumstances it was error to permit the deputy sheriff to be present before the grand jury during the examination of the accused. It would seem that this last observation was a redundancy and contributed nothing to the result since the court had correctly held that calling the accused himself before the

grand jury required a reversal of the later judgment finding the accused guilty on the indictment returned.

The petition for a writ of certiorari is due to be denied and it is so ordered.

Writ denied.

HEFLIN, C. J., and MERRILL, Mc-CALL and FAULKNER, JJ., concur.